The **TRAVELERS INSURANCE COMPANY**, Appellant,

v.

**C. C. (Bill) ELKINS**, Appellee.

No. 574.

Court of Civil Appeals of Texas, Tyler.

May 20, 1971.

Rehearing Denied June 17, 1971.

Thompson, Knight, Simmons & Bullion, David R. Noteware, Dallas, for appellant.

McCulloch, Ray, Trotti & Hemphill, Donald J. Hahn, Jr., Dallas, for appellee.

McKAY, Justice.

Appellee C. C. (Bill) Elkins brought suit against The Travelers Insurance Company under a homeowners policy of insurance for property stolen from appellee. Both sides made motions for summary judgment. Appellee's motion (for partial summary

judgment) was granted as to all issues except the amount of damages. A stipulation as to damages only was entered into, and final judgment was entered in favor of appellee.

The stolen property is described as a "mini-car," an operating model of a 1910 Ford Model T. It is half-scale with a wheelbase of 50 inches and an overall length of 72 inches. It is powered by a three horsepower, four cycle gasoline engine and is advertised as being able to attain speeds of twelve miles per hour. It has a shipping weight of approximately 220 pounds. It can carry one or two persons, but appellee stated that the seat needed additional supports in order to carry adults.

Appellee's affidavit attached to his motion further describes the vehicle as having no horn, no speedometer or other gauges or meters, no foot brake, no foot clutch, no spark control, no lights, no windshield, no water cooling system, no operative doors, and no differential. It had rubber belts and pulleys instead of a transmission, and its brakes consisted only of a metal bar which could be engaged against the rear wheels by hand. It was not licensed as a motor vehicle for use on public streets and highways and had no safety inspection sticker. It was advertised as running and handling as a real car, but the ad also stated it was not made for highway use but "readily operates in yards, parks, driveways and other paved areas."

Appellee's Homeowners Policy, with regard to unscheduled personal property, includes this exclusion:

"EXCLUSIONS: Coverage B does not cover: A. Animals and birds; aircraft; *motor vehicles, except power mowers, golf buggies and farm equipment not designed for use principally on public roads*; trailers and semi-trailers, except such vehicles (other than house trailers) designed for use principally off public roads and except boat trailers while on the premises of the described building." (Emphasis added).

The parties have stipulated that appellee's loss is a loss of covered Unscheduled Personal Property under the policy unless "such loss was excluded from coverage by Exclusion 'a') under Coverage 'B'." Appellant asserts that the "mini-car" is a "motor vehicle" and thereby excluded from coverage.

It is not necessary to decide whether this item is per se a motor vehicle. It is only necessary to determine if the exclusion in the policy, with its exceptions, was intended to treat the item as being a motor vehicle under the terms of the policy.

A motor vehicle has been described by our courts as a self-propelled vehicle which is pulled or pushed by a motor within or on itself. Prudential Ins. Co. of Great Britain v. Associated Employers Lloyds, 250 S.W.2d 477 (Tex.Civ.App., Ft. Worth, 1952, n. w. h.). It is also described as a land vehicle with wheels. Lloyds v. Burtner, 436 S.W.2d 611 (Tex.Civ.App., Ft. Worth, 1968, ref., n. r. e.). Other jurisdictions have similar definitions for a motor vehicle, but some add "any form of self propelled vehicle *suitable for use on street or roadway*" or "*motor drawn upon the highway*." (Emphasis added). 27A Words and Phrases, p. 400 et seq. Our statutes describe a motor vehicle as any self-propelled device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human or muscular power or used exclusively upon stationary rails or tracks. Article 6701d and Article 6701h, Vernon's Ann.Tex.Civ.St.

We are of the opinion that the plain, ordinary and generally accepted meaning of the word "motor vehicle" is a self-propelled wheeled land vehicle designed for, intended to be used for, or actually used to transport persons or property over roads and highways.

Applying the applicable rules of construction to this insurance contract in ques-

tion, we feel that the intent of the parties was to exclude from a homeowners policy those vehicles used upon the streets and highways which should be covered by an automobile insurance policy. We thus arrive at the conclusion that the exclusion in the policy does not except the property here in question as being a motor vehicle under the terms of the policy, and that such property is covered as unscheduled personal property.

The judgment of the trial court is affirmed.