SPECTOR, Chief Judge.
Appellant, defendant below, seeks reversal of an adverse final judgment for appel-lee in the amount of $850.00 for a theft loss under a homeowner’s insurance policy.
There was no factual dispute. The only question placed in issue was whether coverage was afforded for the particular loss by reason of an exclusion clause.
Two go-carts were stolen from the ap-pellee’s garage. They furnished notice of the loss to the insurance company, and a company adjuster issued a draft for $391.94 to cover the loss. Before the draft was reduced to cash, the company stopped payment on it asserting that it was denying coverage because of an exclusion clause contained in the policy.
The policy provided coverage for unscheduled personal property against a number of perils, including theft, as follows:
“Coverage C — Unscheduled Personal Property — This policy covers unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling and owned or used by an insured, while on the described premises
sjc % >}c >j< jjí
“This coverage excludes:
2. motorized vehicles, except such vehicles pertaining to the service of the premises and not licensed for road use;
The above coverage and exclusion provisions are found in “Section 1” of the policy. No definitions of terms used are found in that section. Section II of the policy describes coverages for personal lia *904 bility for bodily injury or property damage and medical payments to others resulting 'from accidents on the insured premises. Excluded from the latter coverages of Section II are injuries or damages arising out of the ownership or operation of motor vehicles but not those stored on the insured premises or not subject to registration because used exclusively on the premises, where the injuries occur on the premises.
Following the coverages and exclusions of S-.ction II, including those mentioned next above, there appears a group of “Additional Definitions” in which the phrase “motor vehicle” is defined as follows :
“3. ‘motor vehicle’; means a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto) but does not include, except while being towed by or carried on a motor vehicle, any of the following: utility, boat, camp or home trailer, recreational motor vehicle, ... or, if not subject to motor vehicle registration, any equipment which is designed for use principally off public roads.
“6. ‘recreational motor vehicle’: means (1) a golf cart or snowmobile or (2) if not subject to motor vehicle registration, any other land motor vehicle designed for recreational use off public roads.”
While Section II affords personal liability and medical payments caused by accident, there is excluded from such coverage liabilities and medical payments arising out of the use of motor vehicles or recreational vehicles if such injuries occur away from the residence premises.
The trial court did not articulate the reason for its ruling in its judgment in favor of the appellees. They first contend that the ruling is correct because the language chosen by the appellant is such that an ambiguity exists as to whether the go-carts are covered. Secondly, they contend that by applying the definitions appearing after Section II to the entire policy, there results a justifiable conclusion that the go-carts were covered since they are not within the definition of the excluded “motor vehicles” as defined because they are recreational vehicles designed for use off the public roads. We think appellee is correct.
A very similar exclusion clause in a homeowner’s policy was construed by the court in Travelers Insurance Company v. Elkins, 468 S.W.2d 487 (Tex.Civ.App. 1971). There the court held that a “mini-car” was covered against theft as unscheduled personal property notwithstanding an exclusion clause similar to the one in the case at bar. While Travelers’ policy excluded “motor vehicles” and the instant policy excludes “motorized vehicles”, we think that the policyholder here was justified in his belief that the motorized vehicles which were not insured against theft were those designed to be used on the highways. Indeed, this belief is further justified by the language “and not licensed for road use” found in the exception to the exclusion. Such ambiguity is further compounded in the instant policy by the “Additional Definitions” noted above and the absence of any indication that such definitions are applicable only to a particular section of coverages to the exclusion of the other section of coverages.
We think that the following excerpt from the Travelers Insurance Company case, supra, is appropriate to the case sub judice, viz.:
“Applying the applicable rules of construction to this insurance contract in question, we feel that the intent of the parties was to exclude from a homeowners policy those vehicles used upon the streets and highways which should be covered by an automobile insurance policy. We thus arrive at the conclusion that the exclusion in the policy does not except the property here in question as being a motor vehicle under the terms of *905 the policy, and that such property is covered as unscheduled personal property.”
Affirmed.
WIGGINTON and CARROLL, DONALD K., JJ., concur.