**INTERNATIONAL INSURANCE COMPANY IN NEW YORK, Appellant,**

v.

**HENSLEY ELECTRIC STEEL COMPANY, INC., Appellee.**

**No. 5266.**

Court of Civil Appeals of Texas, Waco.

June 21, 1973.

Thompson, Coe, Cousins, Irons & Porter, Robert B. Cousins, Jr., Dallas, for appellant.

McKenzie & Baer, Wright Bruce Monning, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Insurance Company from judgment against it for $1088.89 for loss of a forklift.

Plaintiff had its stock, furniture, fixtures, machinery and contents of its building insured with defendant. The policy excepted "motor vehicles". The plaintiff's forklift was damaged by vandals, and the parties stipulated its value to be $1088.89. The trial court rendered judgment for plaintiff.

Defendant appeals on 1 point: "The trial court erred in failing to render judgment for the insurer, because the forklift was a motor vehicle and this was expressly not covered by the standard fire policy".

Both parties assert the sole issue is whether the damaged forklift is a motor vehicle.

The forklift had four wheels; a 57 horse power gasoline engine which propelled it; it was a piece of mechanized equipment; it had a foot brake, a handbrake, a foot clutch, horn, gear shift, accelerator, gas gauge, temperature and water gauge, oil gauge, cooling system, transmission, differential and muffler. Only one person could ride it. It did not have a hand clutch, rearview mirror, turn indicator headlights, taillights, reflectors, seatbelts, windshield, speedometer, springs or shock absorbers. It was a small vehicle, used and operated solely within the general confines of plaintiff's warehouse. It was used for lifting and carrying heavy objects by means of two hydraulically operated forks in front of the forklift. It ran on four solid rubber tires by means of a 6 cylinder diesel engine and had a top forward speed of 10 miles per hour. Under V.A. T.S. 9.13 plaintiff is entitled to a tax refund for all motor fuel bought for the forklift in that the fuel is purchased for a purpose other than use in a motor vehicle which is operated or intended to be operated upon the public highways of Texas.

■ It is not necessary to decide whether the forklift is per se a motor vehicle. It is only necessary to determine if the exception in the policy was intended to treat the item as being a motor vehicle under the terms of the policy. Lloyds v. Burtner, Tex.Civ.App., NRE, 436 S.W.2d 611; Travelers Ins. Co., v. Elkins, Tex.Civ.App., NWH, 468 S.W.2d 487.

■ Since the policy did not define "motor vehicle" it is to be construed according to its ordinary import, or as the word is generally defined. Often the word

is defined with reference to a Statute. Davis v. National Casualty Co., 142 Tex. 29, 175 S.W.2d 957.

Our Statutes describe and define a motor vehicle as a self-propelled vehicle which is designed for use upon a highway. Article 6701d; Article 6701h Vernon's Ann.Civ.St.; Article 827a § 1; Penal Code, Vernon's Ann.; Article 9.01(2); 10.02(4) Taxation General V.A.T.S.; Travelers Ins. Co. v. Elkins, supra; Davis v. National Casualty Co. supra.

■ We think the plain, ordinary, and generally accepted meaning of the word "motor vehicle" is a self-propelled vehicle designed for, intended to be used for, or actually used to transport persons and property over roads or highways.

■ Thus the exception of "motor vehicle" in the policy does not except the plaintiff's forklift.

Defendant's point is overruled.

Affirmed.