SAFEGUARD INSURANCE COMPANY, PLAINTIFF, v. RICH-
ARD HEROLD AND EDA HEROLD, DEFENDANTS.

District Court
Somerset County

Decided November 18, 1975.

*Mr. Henry H. Rubenson,* attorney for plaintiff.

*Mr. Richard Herold, pro se.*

GAYNOR, J. C. C. In this action plaintiff seeks to recover from defendant the sum of $480, being the amount claimed to have been erroneously included in a payment to defendant for a theft loss under a homeowner's policy issued by plaintiff. Although plaintiff reimbursed defendant in accordance with the proof of loss submitted, it now contends that one of the items, a minicycle, was not covered by the policy and that the amount representing the value of that article, namely $480, was mistakenly paid. The matter has been submitted to the court on the pleadings and memoranda.

Plaintiff bases its contention of noncoverage on the following provisions of the insurance policy:

*Coverage C — Unscheduled Personal Property:*
1. On premises: This policy covers unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling, owned, worn or used by an Insured, while on the premises, or at the option of the Named Insured, owned by others while on the portion of the premises occupied exclusively by the Insured.

\*      \*      \*      \*      \*      \*      \*      \*

*Exclusions:*
\* \* \* vehicles licensed for road use \* \* \*

Plaintiff argues that a minicycle is not an article of personal property which is usual or incidental to the occupancy of the premises as a dwelling inasmuch as it has no relationship to the use or occupancy of the home. Rather, such an article is used solely by and for the convenience and enjoyment of the rider. Thus, it does not come within the coverage terms applicable to unscheduled personal property. Fur-

ther, plaintiff asserts that a minicycle is specifically excluded from coverage under the above-quoted policy exclusion. It is contended that although the cycle was not licensed for road use, it was registered with the State as a vehicle, and while its operation was therefore limited to private property, it nevertheless was similar in all other respects to a licensed motorcycle and potentially usable as such.

Defendant states that the article in question is designated by the manufacturer as a minicycle and is designed for recreational use on private property. Further he alleges that the cycle was so used by his son. Defendant characterizes the minicycle as being similar to other playthings of children and, as such, an article of personal property which is usual and incidental to a family's occupancy of their dwelling. He disputes the assertion of plaintiff that coverage is excluded under the provision for licensed motor vehicles, stating that the registration with the Bureau of Motor Vehicles pertained only to ownership and not licensing.

Defendant's description of the cycle and the nature of its use is not controverted.

With respect to plaintiff's contention that the cited exclusionary provision of the policy is applicable, we would note that under the broad definitions of a "motor vehicle" and a "motorcycle," as set forth in our statutes relating to motor vehicles, the vehicle in question would be subject to registration regulations imposed by those statutes. *N. J. S.* 39: 1–1. Accordingly, the owner thereof is required to register the ownership of the vehicle and have a certificate of ownership issued to him. *N. J. S.* 39:10–11. Also, if the vehicle is to be used on the public highways, it must be licensed for such use and a registration certificate received. *N. J. S.* 39:3–4. The licensing registration requirements are related to the use of the vehicle, *i. e.,* operation upon public highways, rather than the type or character of the vehicle. If no such use is to be made of the vehicle there is no necessity for state control over its operation and registration for licensing purposes is not required. The requirement for

registration of ownership, however, is not related to the use of the vehicle but rather to its classification as a motor vehicle. Thus, all vehicles, whether to be used on public highways or private property, are subject to the ownership registration requirements. Defendant had complied with the registration requirements applicable to the subject vehicle and had been issued a certificate of ownership, but had not licensed the minicycle for operation on the public roads.

The exclusionary provision of the policy is related to the present use of the vehicle rather than the nature of the vehicle or its potential use. All vehicles are not excluded, but only those which may legally be operated on the public highways. Such an interpretation conforms with the different statutory licensing regulations applicable to vehicles to be used on the public roads and those not to be so used. Additionally, the term "vehicles licensed for road use" must be given its plain meaning and interpreted as it would be understood by the average insured upon purchasing the policy. See *Cooper v. Gov't Employees Ins. Co.*, 51 *N. J.* 86 (1968); *Edgewater Nat'l. Bank v. Safeguard Ins. Co.*, 81 *N. J. Super.* 383 (App. Div. 1963). A reasonable understanding of this clause would be that it related to those vehicles which would be covered by the usual "automobile" type of insurance policy. However, if there is any ambiguity or doubt as to the meaning of this exclusionary provision, such uncertainty must be resolved in favor of the insured. *Bryan Constr. Co. v. Employers' Surplus Lines Ins. Co.*, 60 *N. J.* 375 (1972); *Bowler v. Fidelity & Cas. Co. of N. Y.*, 53 *N. J.* 313 (1969). In our opinion the plain and ordinary meaning of the exclusion is that it applies to vehicles licensed for, designed to be used for, and actually used for the transportation of persons and property on the public highways. A different interpretation would be contrary to the statutory basis for the licensing of vehicles and would preclude the normal insuring of unlicensed vehicles.

We have not been referred to, nor has our own research disclosed, any decision in New Jersey dealing with this par-

ticular issue. The question has been dealt with, however, in other jurisdictions and the determinations by those courts support our conclusions.

In *Travelers Ins. Co. v. Elkins,* 468 *S. W.* 2d 487 (Tex. Civ. App. 1971), recovery was allowed under a homeowner's policy for the theft of a minicar despite a policy provision which excluded motor vehicles from coverage. The so-called minicar was a half-scale model of a 1910 Ford, powered by a gasoline engine but without many of the features of a regular automobile. It was not made or licensed for road use, although advertised as running and handling as a real car, but intended for use on private property. In finding for the insured the court reasoned that the ordinary and accepted meaning of the term "motor vehicle" was a self-propelled land vehicle made and actually used for the transport of persons or property over roads and highways, and concluded that the intent of the parties to the insurance contract was to exclude from coverage those vehicles used upon the streets and which should be covered by an automobile insurance policy.

Similarly, in *Westchester Fire Ins. Co. v. Baughn,* 257 *So.* 2d 903 (Fla. D. Ct. App. 1972), the insured was permitted to recover for the theft of two go-carts under a homeowner's policy which contained an exclusion for motor vehicles. The court concluded that the policyholder was justified in his belief that the motorized vehicles which were not insured were those designed to be used on the highways. The same result was reached in *International Ins. Co. of N. Y. v. Hensley Elec. Steel Co.,* 497 *S. W.* 2d 64 (Tex. Civ. App. 1973), involving a claim for the theft of a fork-lift.

■ ■ We also do not agree with plaintiff's other contention that a minicycle is not covered as an item of "unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling." The relationship which different items of personal property bear to the use or occupancy of a residence may vary in degree, but the slightness of the degree is not sufficient reason for denying coverage

under the provision. Nor is denial of coverage warranted because an article is used by one member of the household for his enjoyment or convenience. It is uncontroverted that the minicycle was acquired for and used by defendant's son as recreational and play equipment. As such, it acquired the same insurable status as any other toy or similar recreational item owned by the defendant and used by his children. In this era of sophisticated recreational equipment it is not uncommon for minicycles to be an accepted and normal item in a family's melange of children's playthings. The argument advanced by plaintiff could well be applied to many items of personal property which, although not directly related to the occupancy of a residence, are accepted as being within the coverage of the subject provision. In view of the varying degrees of relationship between unscheduled personal property and the occupancy of the premises, a test of coverage should not be whether the ownership of particular items is usual to such occupancy, but rather whether if owned it is usual for the specific article to be located in or on the premises. See *McGuire v. State Farm Fire & Cas. Co.,* 175 *So. 2d* 838 (La. App. 1965). Applying either this test or the plain meaning of the subject provision we would conclude that plaintiff's denial of coverage is not warranted. It is noted that the question of coverage under a similar unscheduled personal propery clause was not raised in *Travelers Ins. Co. v. Elkins, supra,* or *Westchester Fire Ins. Co. v. Baughn, supra,* the parties having stipulated that the minicar and go-carts there involved were articles of personal property incidental to the use and occupancy of the insured's premises.

In our determination that defendant's minicycle is insured property under the subject policy, we have followed the previously stated rules governing the construction and interpretation of provisions in insurance contracts. *Cooper v. Gov't Employees Ins. Co.; Edgewater Nat'l Bank v. Safeguard Ins. Co.; Bryan Constr. Co. v. Employers Surplus Lines Ins. Co.;* and *Bowler v. Fidelity & Cas. Co. of N. Y.,*

all *supra*. The insured was justified, upon acquiring the policy, in his understanding that recreational equipment purchased for use by his children on or about the home premises would be covered against loss by theft. Further, any ambiguity in the terminology used in the policy is resolvable in favor of the insured.

Accordingly, judgment will be entered dismissing plaintiff's complaint.