Johnie L. SLAUGHTER, Petitioner,

v.

ABILENE STATE SCHOOL et al., Respondents.

No. B–6567.

Supreme Court of Texas.

Oct. 26, 1977.

Robinson, Hanna, Chappell, Burke & Moore, W. L. Burke, Jr., John W. Weeks, William S. Perry, Abilene, for petitioner.

John L. Hill, Atty. Gen., David M. Kendall, Jr. and Jack Sparks, Asst. Attys. Gen., Austin, for respondents.

DENTON, Justice.

This is a suit for personal injuries under the Texas Tort Claims Act.[1] The trial court entered judgment on the jury verdict for the plaintiff. The court of civil appeals reversed and remanded. 546 S.W.2d 106. We reverse the judgment of the court of civil appeals and affirm that of the trial court.

The petitioner, Johnie L. Slaughter, while an employee of the Abilene State School, was injured when another employee of the Respondent School backed a tractor over Slaughter and pinned him between the tractor wheel, the ground and a building. It is undisputed that he received severe injuries as a result of the incident.

■ Slaughter contends that the court of civil appeals was in error in holding the opinion testimony of Doctor Krege was inadmissible. Respondents complain of certain testimony of Doctor Krege in behalf of the petitioner because the doctor "examined the plaintiff solely for the purpose of testifying, and prescribed no treatment" and his opinion was based in part on history given by petitioner and upon subjective symptoms. Petitioner introduced the deposition of Doctor Krege, an orthopedic surgeon of the United States Air Force stationed at Lackland Air Force Base Hospital. Petitioner had been seen by several doctors and had started going to the hospital at Lackland since he was a retired military veteran. He saw Doctor Freeman, who was also an Air Force orthopedic surgeon, at Lackland Air Force Base Hospital who prescribed a back brace for Slaughter. When Slaughter returned to Lackland Hospital, Doctor Freeman had been transferred and Doctor Krege was assigned to examine Slaughter. It is this testimony of Doctor Krege, based on this one visit, that forms the basis of the admissibility of his testimony.

Doctor Krege testified he saw Slaughter on one occasion on September 26, 1975; that he obtained a complete history from Slaughter which included a statement as to how the accident occurred and his complaints. He then gave Slaughter a physical examination which included X-rays of the affected areas of the body. Based upon history of the case given by Slaughter, the subjective symptoms, together with the objective findings obtained from the physical examinations and X-rays, Dr. Krege rendered an opinion as to his physical condition and prognosis. On cross-examination Dr. Krege testified that he had seen Slaughter only on the one occasion and "at that time" he did not prescribe any treatment; that he examined Slaughter "solely for the purpose of giving your opinion as to his condition."

In ruling that Doctor Krege's testimony is inadmissible the court of civil appeals primarily relied upon *Pacific Employers Insurance Company v. Gibson*, 419 S.W.2d 239 (Tex.Civ.App.1967, no writ); *Texas Employers' Insurance Association v. Wallace*, 70 S.W.2d 832 (Tex.Civ.App.1934, no writ); *Gaines v. Stewart*, 57 S.W.2d 207 (Tex.Civ. App.1933, no writ). These cases hold that where the doctor who examines the patient only for the purpose of making a report and testifying, if necessary, he cannot base his opinion as to the condition of the patient in part on the history of the case as related by the patient. It must be based on an examination and study of objective symptoms and X-rays. See also *Goodrich v. Tinker*, 437 S.W.2d 882 (Tex.Civ.App.1969, writ ref'd n. r. e.); *Texas Employers' Insurance Association v. Wells*, 207 S.W.2d 693 (Tex.Civ.App. 1947, writ ref'd n. r. e.); *Texas Employers' Insurance Association v. Morgan*, 187 S.W.2d 603 (Tex.Civ.App.1945, ref'd w. o. m.); *Southern Underwriters v. Blair*, 144 S.W.2d 641 (Tex.Civ.App.1940, no writ). We are of the opinion this rule places an unfair limitation upon a reasonable practice of those preparing their case for trial, namely that of securing qualified physicians and surgeons to make an examination for the purpose of later aiding the court and jury to better understand the claimant's

1. Tex.Rev.Civ.Stat.Ann. art. 6252–19 (1970).

physical condition. We agree with leading commentators[2] that the better reasoned authorities admit testimony based, in part, upon reports of others but which the expert customarily relies upon in the practice of his profession.

The record here reveals that Doctor Krege's testimony concerning Slaughter's physical condition and prognosis was based on three things: the history of the case given by the patient, a physical examination and X–rays. The doctor testified the patient's subjective complaints were consistent with his objective findings. Under these circumstances, we think the trial court was correct in admitting the opinion testimony of Doctor Krege because it was clearly not based wholly upon hearsay. Texas courts have followed the general rule that where it appears a witness' testimony is predicated both upon personal knowledge and upon hearsay, his testimony is admissible. *Combined Insurance Company of America v. Kennedy*, 495 S.W.2d 306 (Tex. Civ.App.1973, writ ref'd n. r. e.); *Aetna Casualty & Surety Company v. Scruggs*, 413 S.W.2d 416 (Tex.Civ.App.1967, no writ); *Gray v. Bird*, 380 S.W.2d 908 (Tex.Civ.App. 1964, writ ref'd n. r. e.); *Texas Employers' Insurance Association v. Rogers*, 368 S.W.2d 21 (Tex.Civ.App.1963, writ ref'd n. r. e.). We therefore hold that the testimony of Doctor Krege, even though not a treating doctor, which was based upon the case history, physical examination and X–rays, was admissible. Those cases holding to the contrary are disapproved.

■ Respondents Abilene State School and Texas Department of Mental Health and Mental Retardation complain of the court of civil appeals holding that the 1953 John Deere tractor in question was a motor vehicle under the terms of section 19A of the Texas Tort Claims Act. Section 19A provides:

The provisions of this Act shall not apply to school districts or to junior college districts except as to motor vehicles.

It is uncontradicted that Abilene State School is an Independent School District. Since the statute does not define the phrase "motor vehicles," it must be construed according to its ordinary import or as the phrase is generally defined. Often the phrase is defined with reference to a statute or insurance policy. We note that the definition appearing in the statutes regulating the registration of motor vehicles used on the public highways and providing for driver's licenses is substantially the same as the definition generally given.

Art. 6675a–1. Definitions of terms

The following words and terms, as used herein, have the meaning respectively ascribed to them in this Section, as follows:

(a) "Vehicle" means every device in, or by which any person or property is or may be transported or drawn upon a public highway, except devices moved only by human power or used exclusively upon stationary rails or tracks.

(b) "Motor Vehicle" means every vehicle, as herein defined, that is self-propelled.

\* \* \* \* \* \*

(e) "Farm-tractor" means every motor vehicle designed and used primarily as a farm implement for drawing other implements of husbandry.

The definition given in Corpus Juris Secundum is "the term 'motor vehicle' ordinarily means a vehicle which is self-propelled, a vehicle operated by a power developed within itself and used for the purpose of carrying passengers or materials, and generally includes all vehicles propelled by any power other than muscular power, except traction engines and such motor vehicles as run only upon rails or tracks." 60 C.J.S. Motor Vehicles § 1, p. 147.

The courts have held the term "motor vehicle" to be different from and broader than the term "automobile." *State v. Ridinger*, 364 Mo. 684, 266 S.W.2d 626, 42

---

2. McCormick, Evidence § 15 (2d ed. 1972); 3 Wigmore, Evidence § 688 (Chadbourn Rev.

1970); McCormick and Ray, Texas Law of Evidence § 1404 (2d ed. 1956).

A.L.R.2d 617 (1954). Common usage has made the phrase "motor vehicle" a generic term for all classes of self-propelled vehicles not operating on stationary rails or tracks, and therefore, as a result all automobiles are motor vehicles, but the contrary proposition is not true. The term "motor vehicle" is much broader than the word "automobile" and includes various vehicles which cannot be classified as automobiles. *Jernigan v. Hanover Fire Insurance Company*, 235 N.C. 334, 69 S.E.2d 847 (1952). It has been held that a farm tractor is within the scope of the statute providing that no person shall operate a motor vehicle when he is in an intoxicated condition. *State v. Powell*, 306 S.W.2d 531 (Mo.1957).

The respondents rely principally upon *Brookshire v. Houston Independent School District*, 508 S.W.2d 675 (Tex.Civ.App.1974, no writ), which held that a forklift was not a motor vehicle for purposes of the Tort Claims Act. The court stated that definitions of "motor vehicle" elsewhere in the Revised Civil Statutes were not conclusive as to the term's meaning under the Tort Claims Act, and that in its opinion, a forklift was closer to "motor driven equipment," as found in section 3 of the Tort Claims Act, than to a "motor vehicle." We agree; however, under the facts of that case we do not think it is controlling here. We conclude that the court of civil appeals correctly held that the tractor involved in this accident is a motor vehicle within the meaning of section 19A of the Texas Tort Claims Act.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.