The WESTERN INSURANCE COMPANIES, Appellant,

v.

Vaughn ANDRUS, Appellee.

No. 2–84–279–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 14, 1985.

Fanning, Harper, Wilson, Martinson & Fanning, Barry H. Fanning, Dallas, for appellant.

Royce Coleman, Denton, for appellee.

Before BURDOCK, HILL and HOPKINS, JJ.

## OPINION

HILL, Justice.

The Western Insurance Companies appeal from a judgment in favor of Vaughn Andrus in a suit brought by him seeking recovery under his homeowner's policy for the theft of three three-wheeled motor bikes. Western contends that the trial court erred in not granting its motion for judgment non obstante veredicto since the motor bikes are excluded from coverage under the policy as motor vehicles. Western also complains of the trial court's failure to submit its definition of motor vehicle to the jury.

We affirm.

In point of error number one, Western contends that the trial court erred when it failed to grant Western's motion for judgment non obstante veredicto because the bikes are motor vehicles as a matter of law. We construe this as a contention that there is no evidence to support the jury's finding that the motor bikes were not motor vehicles. *See Southwestern Bell Tel. Co. v. Sims,* 615 S.W.2d 858, 861 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ).

In determining a "no evidence" point, we are to consider only the evidence and inferences which tend to support the finding of the jury and disregard all evidence and inferences to the contrary. *See International Armament Corp. v. King,* 686 S.W.2d 595, 597 (Tex.1985); *Stodghill v. Texas Employers Insurance Association,* 582 S.W.2d 102, 103 (Tex.1979); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If there is any evidence of probative force to support the finding of the jury, the point must be overruled and the finding upheld. *In re King's Estate,* 244 S.W.2d at 661–62.

A "no evidence" point of error must and may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3)

the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; (4) the evidence establishes conclusively the opposite of a vital fact. *Royal Indemnity Co. v. Little Joe's Catfish Inn, Inc.*, 636 S.W.2d 530, 531 (Tex.App.—San Antonio 1982, no writ); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Texas L.Rev. 361 (1960).

■ If a "no evidence" point is sustained the finding under attack may be disregarded entirely and judgment rendered for the appellant unless the interests of justice require another trial. *See National Life & Accident Ins. Co. v. Blagg*, 438 S.W.2d 905, 909 (Tex.1969); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

The facts are not in dispute. Andrus was insured under Western Casualty and Surety Company's policy number TH 42 65 60, issued on August 7, 1982. The policy states, in part:

COVERAGE B—UNSCHEDULED PERSONAL PROPERTY owned, worn or used by the Insured, including members of his family of the same household and, at the option of the Insured, property of others (except roomers or tenants) while on the premises of the described dwelling.

Window or wall air-conditioning units shall be considered personal property. EXCLUSIONS—Coverage B does not cover:

a. Animals and birds; aircraft; motor vehicles, except power mowers, golf buggies and farm equipment not designed for use principally on public roads; trailers and semi-trailers, except such vehicles (other than house trailers) designed for use principally off public roads and except boat trailers while on the premises of the described dwelling; ...

On April 9, 1983, two three-wheeled motor bikes were stolen from Andrus's home, and on May 6, 1983, a third was stolen. The bikes, one Yamaha 125 and two Honda 70s, were designed and used as off-the-road recreational vehicles by Andrus's three oldest sons, ages eight, nine and eleven. The motor bikes were self-propelled and did not operate on stationary rails or tracks. Andrus filed a claim under the policy, which was denied by Western on July 13, 1983. Andrus then filed this suit for recovery.

■ The plain language of an insurance policy will be given effect when the parties' intent may be discerned from that language. *Glover v. National Ins. Underwriters*, 545 S.W.2d 755, 761 (Tex.1977). But when the language of an insurance contract is ambiguous, that is, is subject to two or more reasonable interpretations, then that construction which affords coverage will be the one adopted. *Id.*

■ The term "motor vehicle" is not defined in the policy. Terms used in an insurance contract are given their ordinary and generally accepted meaning unless the policy shows the words were meant in a technical or different sense. *Security Mut. Cas. Co. v. Johnson*, 584 S.W.2d 703, 704 (Tex.1979); *Paramount Nat. Life Ins. Co. v. Raupe*, 678 S.W.2d 752, 753 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.). No one has suggested here that the policy shows the words were meant in a technical or different sense.

There are two different common definitions of the term "motor vehicle" which have been recognized by the courts. One is the broad definition that a "motor vehicle" is a generic term for all classes of self-propelled vehicles not operating on stationary rails or tracks. *Nicholson v. First Preferred Ins. Co.*, 618 S.W.2d 560, 563 (Tex.Civ.App.—Amarillo 1981, no writ). *Accord White v. South Carolina Dept. of Parks, Etc.*, 271 S.C. 91, 245 S.E.2d 125, 127 (1978); *Jernigan v. Hanover Fire Ins. Co. of New York*, 235 N.C. 334, 69 S.E.2d 847, 848 (1952); *Taulelle v. Allstate Insurance Company*, 296 Minn. 247, 207 N.W.2d 736, 739 (1973). The other common definition of "motor vehicle" is a more narrow one which defines "motor vehicle" as a

self-propelled vehicle designed for, intended to be used for, or actually used to transport persons and property over roads or highways. *International Ins. Co. in N.Y. v. Hensley Steel Co., Inc.*, 497 S.W.2d 64, 66 (Tex.Civ.App.—Waco 1973, no writ); *Travelers Insurance Company v. Elkins*, 468 S.W.2d 487, 488 (Tex.Civ.App.—Tyler 1971, no writ). *Accord Rice v. Gruetzmacher*, 27 Wis.2d 46, 133 N.W.2d 401, 404 (1965).

The Texas Supreme Court, in the case of *Slaughter v. Abilene State School*, 561 S.W.2d 789 (Tex.1977), refers to both definitions. With reference to the broad definition the Court stated, "[c]ommon usage has made the phrase 'motor vehicle' a generic term for all classes of self-propelled vehicles not operating on stationary rails or tracks, ..." *Id.* at 792. With respect to the more narrow definition, the Court said,

[w]e note that the definition appearing in the statutes regulating the registration of motor vehicles used on the public highways and providing for driver's licenses is substantially the same as the definition generally given.

Art. 6675a–1. Definitions of terms

The following words and terms, as used herein, have the meaning respectively ascribed to them in this Section, as follows:

(a) 'Vehicle' means every device in, or by which any person or property is or may be transported or drawn upon a public highway, except devices moved only by human power or used exclusively upon stationary rails or tracks.

(b) 'Motor Vehicle' means every vehicle, as herein defined, that is self-propelled.

. . . . .

*Id.* at 791.

The *Slaughter* case involved a tractor which was used off the road, but apparently designed for possible use on the road because it had a slow-moving vehicle emblem on the rear. *See Abilene State School v. Slaughter*, 546 S.W.2d 106, 107

(Tex.Civ.App.—Eastland), *rev'd*, 561 S.W.2d 789 (Tex.1977). Since the tractor met both the broad and narrow definitions of the term, it was not necessary for the Texas Supreme Court to decide between the two definitions.

Webster's Third New International Dictionary synthesizes the two definitions by defining "motor vehicle" as "an automotive vehicle not operated on rails, *esp.:* one with rubber tires for use on highways." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1476 (1981).

■ An examination of these authorities shows that the term "motor vehicle" has more than one common meaning which, when applied to the vehicles here, would cause them to be either insured or uninsured, depending upon which definition is adopted. Since our Courts of Appeals are divided on the appropriate interpretation of the term as used in the context of this particular exclusion, we conclude that the term has more than one reasonable interpretation. Since the term has more than one reasonable interpretation, it is ambiguous. We therefore adopt the construction which affords coverage and find that self-propelled vehicles which are designed for use and are used off the public roads and highways are not excluded as "motor vehicles" under this policy. We overrule point of error number one.

In point of error number two, Western complains of the trial court's failure to submit its definition of motor vehicle to the jury. In view of our construction of the policy as discussed under point of error number one, we overrule point of error number two.

The judgment is affirmed.