COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-299-CV

 

 

LIPAN INDEPENDENT SCHOOL DISTRICT                                 APPELLANT

 

                                                   V.

 

MICHAEL JAY BIGLER                                                            APPELLEE

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.  Introduction








Appellant Lipan Independent
School District (ALISD@) brings this interlocutory appeal from the trial court=s judgment denying its plea to the jurisdiction on Appellee Michael
Jay Bigler=s
claims.  In three issues, LISD complains
that the trial court erred by denying its plea to the jurisdiction because LISD
is immune from suit for Bigler=s claims and because the trial court improperly admitted and
considered certain evidence.  Because we
hold that Bigler invoked the trial court=s subject matter jurisdiction by alleging facts establishing a waiver
of LISD=s governmental immunity pursuant to the Texas Tort Claims Act[1]
(ATTCA@), we
affirm.

II.  Factual and Procedural Background

On January 10, 2003, a Lipan
High School agricultural science class was constructing a fence around the
school gymnasium.  To facilitate the project, the LISD
Superintendent had loaned his tractor and auger[2]
to the students, who were assisted and supervised by their instructor, Brad
Harrison.  The auger was attached to a
mounting on the rear of the tractor, and the tractor powered the auger through
a power take-off (APTO@) shaft.  The students operated
the auger, and Harrison sat in the tractor=s seat.  Harrison allowed the
students operating the auger to apply additional weight to a handle on the
auger, which was meant to speed up the hole digging process.  








Bigler, one of the students
in class, arrived around 11:00 a.m. to help his classmates build the
fence.  Shortly thereafter, while he was
applying pressure to the auger, Bigler=s jacket became entangled in the auger, which captured his right arm
and twisted it.  After unsuccessfully
attempting to free Bigler from the auger by grabbing his legs and pulling on
him, Harrison and Bigler=s classmates
used their pocket knives to cut Bigler=s jacket and release his arm from the auger. 

Bigler sued LISD, claiming
that he sustained injuries and incurred damages caused by LISD=s negligence.  Bigler alleged
that LISD, through Harrison, Aoperated and used a motor-driven vehicle in a negligent manner@ and that LISD had waived its sovereign immunity and was liable
pursuant to section 101.021(1) of the TTCA. 
The negligent acts and omissions that Bigler pleaded were (1) Harrison=s failure to use safe and appropriate procedures during the use and
operation of the motor vehicle; (2) Harrison=s issuance of affirmative instructions to the students to apply manual
weight to the auger when it was unsafe to do so; (3) Harrison=s failure to keep a proper lookout for Bigler=s safety; (4) Harrison=s failure to operate the motor vehicle in a safe manner; and (5)
Harrison=s failure to adequately warn Bigler of the dangers associated with the
tractor.








LISD filed a plea to the
jurisdiction in response to Bigler=s original petition. LISD asserted that Bigler=s pleadings and claims do not fall within the TTCA=s limited waiver of governmental immunity from suit for school
districts because his injuries resulted from the use or operation of
motor-driven equipment, not a motor-driven vehicle.  Consequently, LISD argued that it was immune
from suit for Bigler=s
claims.  LISD attached Harrison=s affidavit in support of its plea. Bigler filed a response and
supplemental response to LISD=s plea to the jurisdiction, which included affidavits from Bigler and
Harrison, deposition testimony from the LISD Superintendent and Harrison, a
partial transcript from a video produced by the FEMA[3]
Post Hole Digger Council, and the assembly and operating instructions from a
Model 65 Post Hole Digger.  The trial
court ultimately denied LISD=s plea to the jurisdiction.

III.  Waiver of Governmental Immunity

In its first issue, LISD
argues that it is immune from suit for Bigler=s tort claims because Bigler=s alleged injuries were not proximately caused by any use or operation
of a motor-driven vehicle and that Bigler=s claims allege mere negligent supervision.  LISD contends that Bigler therefore failed to
plead facts establishing a waiver of governmental immunity under section
101.021(1) of the TTCA.

A.  Plea to the Jurisdiction








A plea to the jurisdiction
challenges the trial court=s authority to determine the subject matter of the action.[4]  Whether the trial court had subject matter
jurisdiction is a question of law that we review de novo.[5]  The plaintiff has the burden of alleging
facts that affirmatively establish the trial court=s subject matter jurisdiction.[6]  In determining whether the plaintiff has met
this burden, we look to the allegations in the pleadings, accept them as true,
and construe them in favor of the pleader.[7]  We must also consider evidence relevant to
jurisdiction when it is necessary to resolve the jurisdictional issue raised.[8]

B.  Governmental Immunity and the TTCA








Governmental immunity from
suit defeats a court=s subject
matter jurisdiction.[9]  However, the TTCA provides a limited waiver
of immunity, allowing suits to be brought against government units in certain
narrowly-defined circumstances.[10]   In a suit against a governmental unit, the
plaintiff must affirmatively demonstrate the court=s jurisdiction by alleging a valid waiver of immunity.[11]  Thus, LISD, as a governmental unit, is immune
from suit for Bigler=s injuries
unless that immunity has been waived by the TTCA.[12]  

The TTCA provides in relevant part:

 

A
governmental unit in the state is liable for:

 

(1) property damage, personal injury, and death
proximately caused by the wrongful act or omission or the negligence of an
employee acting within his scope of employment if:

 

(A)
the property damage, personal injury, or death arises from the operation or use
of a motor-driven vehicle or motor-driven equipment; and 

 

(B)
the employee would be personally liable to the claimant according to Texas law
. . . [.][13]

 

Section 101.051 limits a school district=s immunity waiver to claims involving motor vehicles.[14]  













While the terms Ause@ and Aoperation@ are not
defined by the TTCA, the supreme court has defined Ause@ as Ato put or bring into action or service; to employ for or apply to a
given purpose@ and Aoperation@ as Aa doing or performing of a practical work.@[15]  The supreme court has also interpreted the phrase Aarises from@ as
requiring a nexus between the operation or use of the motor-driven vehicle and
the plaintiff=s injuries.[16]  The vehicle=s use must have actually caused the injury; Amere involvement@ of the
property is insufficient.[17]  AThe operation or use of a motor vehicle does not cause injury if it
does no more than furnish the condition that makes the injury possible.@[18]  AIf the employee=s act
involved only supervision or control, immunity has not been waived, even if the
act took place on or near the motor vehicle.@[19]  Accordingly, a school district
is liable for a personal injury proximately caused by one of its employees= negligence only if the injury arises from the operation or use of a
motor-driven vehicle.

C.  Bigler=s
Alleged Injuries Arise From the Operation or Use of a Motor-Driven Vehicle

 








LISD asserts that the tractor
was not a Amotor-driven
vehicle@ within the meaning of the TTCA under the facts of this case because
it was not moving at the time Bigler was injured.[20]  The supreme court has held that a tractor is
a motor-driven vehicle within the meaning of the TTCA.[21]  The court reasoned that A[c]ommon usage has made the phrase >motor vehicle= a generic term
for all classes of self-propelled vehicles not operating on stationary rails or
tracks@ and that the term thus Aincludes various vehicles which cannot be classified as automobiles.@[22]  The fact that the tractor in
this case was stationary is not determinative of whether it is a motor-driven
vehicle.[23]  Accordingly, we hold that the tractor was a
motor-driven vehicle within the meaning of the TTCA. 

LISD further argues that
Harrison was not engaged in the Aoperation or use@ of the
tractor when Bigler was injured, as the TTCA requires.  The record shows, however, that at the time
of the accident Harrison was sitting in the tractor and operating the auger
attached to the rear of the tractor to dig post holes for the purpose of
erecting a fence around the gymnasium. 
The auger was powered through the tractor by the PTO shaft.  The auger works only when someone is
operating the tractor.  Harrison may not
have been driving the tractor when Bigler was injured but he was using or
operating it for the purpose of utilizing the auger.  We, therefore, hold that Harrison was indeed
using or operating the tractor as contemplated by the TTCA when Bigler was
injured.[24]








Finally, LISD contends that
there is no nexus between Bigler=s injuries and Harrison=s alleged use and operation of the tractor.  LISD argues that Bigler=s alleged injuries were proximately caused by the auger and not the
tractor; the tractor Awas nothing
more than a stationary source of power for the cause of the incident:  the auger.@

The auger was connected to a
rear attachment on the tractor, and the tractor provided the power source for
the auger, which turned the auger=s helical blades.  The auger
would be incapable of causing injury to Bigler in the manner it allegedly did
without the power provided by the tractor=s engine.[25]  Thus, the operation or use of the tractor did
more than furnish the condition that made Bigler=s injuries possible; the tractor=s use actually caused the injury.[26]  There is, therefore, a nexus between Bigler=s alleged injuries and the operation or use of the tractor.[27]








In sum, we hold that Bigler
invoked the trial court=s subject
matter jurisdiction by alleging facts establishing a waiver of LISD=s immunity from suit under the TTCA. 
We therefore overrule LISD=s first issue.

IV.  Plea to the Jurisdiction Evidence

In its second and third
issues, LISD argues that the trial court abused its discretion by admitting
into evidence the partial transcript from a video produced by the FEMA Post
Hole Digger Council and the assembly and operating instructions from a Model 65
Post Hole Digger.  LISD contends that
these items of evidence are irrelevant, unauthenticated hearsay. 








Whether or not the trial
court erred in admitting the video transcript and instruction manual, LISD has
not shown that the trial court=s ruling constitutes reversible error.[28]  LISD merely argues that Bigler=s Aconstant
written and oral theme was built on an attempt to get to a jury on negligence
issues@ and that Bigler relied heavily on this irrelevant Ajury argument@ during the
hearing on the plea to the jurisdiction. 
LISD does not explain how the video transcript and operating
instructions caused the rendition of an improper denial of LISD=s plea to the jurisdiction or prevented LISD from presenting its
sovereign immunity defense.[29]  We overrule LISD=s second and third issues.

V.  Conclusion

Having overruled all three of
LISD=s issues, we affirm the trial court=s judgment.            

 

JOHN CAYCE

CHIEF JUSTICE

 

PANEL
A:   CAYCE, C.J.; LIVINGSTON and HOLMAN,
JJ.

 

DELIVERED: February 23, 2006

 

 

 

 

 

 











[1]Tex. Civ. Prac. & Rem. Code Ann. ''
101.001-.109 (Vernon 2005).





[2]An
auger is a machine with a rotating helical shaft used for boring holesCespecially
post holesCinto
the soil.





[3]FEMA
stands for AFarm
Equipment Manufacturers Association.@





[4]Tex.
Dep=t of
Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).





[5]Tex.
Natural Res. Conservation Comm=n v. IT-Davy, 74
S.W.3d 849, 855 (Tex. 2002); City of Fort Worth v. Crockett, 142 S.W.3d
550, 552 (Tex. App.CFort
Worth 2004, pet. denied).





[6]Tex.
Ass=n of
Bus.  v. Tex. Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993).





[7]Id.; Univ.
of N. Tex. v. Harvey, 124 S.W.3d 216, 220 (Tex. App.CFort
Worth 2003, pet. denied).





[8]Bland
ISD v. Blue, 34 S.W.3d 547, 555 (Tex. 2000).





[9]Dallas
Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex.
2003).





[10]Tex.
Dep=t of
Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001); Dallas
County Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339,
341-42 (Tex. 1998). 





[11]Whitley, 104
S.W.3d at 542.





[12]See Tex. Civ. Prac. & Rem. Code Ann. '
101.021; LeLeaux v. Hamshire-Fannett ISD, 835 S.W.2d 49, 51 (Tex. 1992);
Montoya v. Houston ISD, 177 S.W.3d 332, 336 (Tex. App.CHouston
[1st Dist.] 2005, no pet.). 





[13]Tex. Civ. Prac. & Rem. Code Ann. '
101.021(1)(A), (B); see id. ' 101.025
(waiving immunity from suit for such claims).





[14]Id. '
101.051 (AExcept
as to motor vehicles, this chapter does not apply to a school district or to a
junior college district.@).





[15]Whitley, 104
S.W.3d at 542; LeLeaux, 835 S.W.2d at 51.





[16]Whitley, 104
S.W.3d at 543 (AWe
have consistently required a nexus between the operation or use of the
motor-driven vehicle or equipment and a plaintiff=s
injuries.@); LeLeaux,
835 S.W.2d at 51; Martinez v. VIA Metropolitan Transit Auth., 38 S.W.3d
173, 177 (Tex. App.CSan
Antonio 2000, no pet.) (reasoning that plaintiff must establish both the use or
operation of a motor-driven vehicle and a nexus between her injuries and the
motor-driven vehicle=s use
or operation to establish a waiver of immunity under section 101.021(1)(A)).





[17]Whitley, 104
S.W.3d at 543; Bossley, 968 S.W.2d at 343; see also Montoya, 177
S.W.3d at 337 (holding that plaintiff failed to demonstrate that the alleged
injuries arose from the bus driver=s operation or use of the
bus); Estate of Garza v. McAllen ISD, 613 S.W.2d 526, 527 (Tex. Civ. App.CBeaumont
1981, writ ref=d
n.r.e.) (reasoning that plaintiff=s injuries arose out of the
failure to supervise the public, not from the operation or use of a motor
vehicle).





[18]Whitley, 104
S.W.3d at 543; see also Dallas Area Rapid Transit v. Willis, 163 S.W.3d
814, 817 (Tex. App.CDallas
2005, pet. filed).





[19]King
v. Manor ISD, No 03-02-00473-CV, 2003 WL 21705382, *2 (Tex.
App.CAustin
July 24, 2003, no pet.).





[20]LISD
contends, AIt is
true that a tractor has been considered a >motor vehicle= in a
different factual setting, specifically, when the tractor at issue ran over
someone.@  LISD thus concludes that A[t]he
tractor was not in use as any type of vehicle@
because it was not Adriven
too fast,@ not Aturned
in an unsafe manner,@ not Adriven
somewhere it should not have been,@ or not Atimely
braked.@





[21]Slaughter
v. Abilene State School, 561 S.W.2d 789, 792 (Tex. 1977).





[22]Id.  The Texas Transportation Code defines Amotor
vehicle@ as a
self propelled vehicle and includes the term Amotor
vehicle@
within the definition of Afarm
tractor.@  Tex.
Transp. Code Ann. '
502.001(5), (13) (Vernon Supp. 2005).   





[23]See
Willis, 163 S.W.3d at 817 (AThe fact that the bus was stationary
is not determinative of whether it was being used or operated.@).





[24]See Tex. Civ. Prac. & Rem. Code Ann. '
101.021(1)(A); Willis, 163 S.W.3d at 817.





[25]Cf.
Vidor ISD v. Bentsen, No. 09-04-00401-CV, 2005 WL 1653873, at *1
(Tex. App.CBeaumont
July 14, 2005, no pet.) (holding that plaintiff who sustained injuries after
becoming entangled in a rope attached to a truck being used to move a concrete
picnic table satisfied nexus requirement).





[26]See
Whitley, 104 S.W.3d at 543; Bossley, 968 S.W.2d at 343.





[27]The
cases LISD relies upon are inapposite because they do not involve allegations
of injuries proximately caused by the negligent operation or use of a
motor-driven vehicle.  See Tarkington
ISD v. Aiken, 67 S.W.3d 319, 325-26 (Tex. App.CBeaumont
2002, no pet.) (holding that plaintiff=s claims relating to the
improper supervision, direction, and control of non-employees fall outside the
scope of the TTCA); Gainesville Mem=l
Hosp. v. Tomlinson, 48 S.W.3d 511, 513-14 (Tex. App.CFort
Worth 2001, pet. denied) (holding that hospital did not waive sovereign
immunity under tangible-property exception to the TTCA in suit where plaintiff
sustained injuries after falling out of hospital bed); Brookshire v. Houston
ISD, 508 S.W.2d 675, 678-79 (Tex. Civ. App.CHouston
[14th Dist.] 1974, no writ) (holding that a forklift is not a Amotor
vehicle@
within the meaning of the TTCA); See also Austin ISD v. Gutierrez, 54
S.W.3d 860, 866-67 (Tex. App.CAustin 2001, pet. denied)
(holding that school district did not establish as a matter of law that bus
driver=s
honking of school bus=s
horn did not constitute Ause@ or Aoperation@ of a
motor vehicle).





[28]See TEX. R.
APP. P. 44.1(a); Romero v. KPH Consolidation, Inc., 166
S.W.3d 212, 220 (Tex. 2005).





[29]See
City of Brownsville v. Alvarado, 897 S.W.2d 750, 753-54
(Tex. 1995) (reasoning that a successful challenge to evidentiary rulings
usually requires the complaining party to show that the judgment turns on the
particular evidence excluded or admitted).