

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 4, 2006

The Honorable Leticia Van de Putte, R.Ph.
Chair, Committee on Veterans Affairs and
   Military Installations
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0490

Re: Whether golf carts and tractors are "motor vehicles" for purposes of the Texas Tort Claims Act, chapter 101, Civil Practice and Remedies Code (RQ-0495-GA)

Dear Senator Van de Putte:

You ask whether "motorized vehicles like golf carts and tractors [are] considered 'motor vehicles' for which immunity does not apply . . . under the Tort Claims Act?"[1] You inquire specifically about a "class of mobile motorized equipment" that school districts operate such as "golf carts and other electric or motorized carts and tractors, fork lifts and the like." Request Letter, *supra* note 1, at 1.

The Texas Tort Claims Act (the "Act") waives sovereign immunity for certain kinds of claims against governmental units. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021 (Vernon 2005) (waiving immunity for liability), 101.025 (waiving immunity to suit), 101.001(3) (defining "governmental unit"). Generally, a governmental unit's sovereign immunity is waived for claims arising from the "operation or use of . . . motor-driven vehicle[s] or motor-driven equipment." *Id.* § 101.021(1)(A). The waiver of sovereign immunity for a school district is more narrow: a school district is liable only for claims arising from the operation or use of "motor vehicles."[2] *See*

---

[1] Letter from Honorable Leticia Van de Putte, R.Ph., Chair, Committee on Veteran Affairs and Military Installations, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas (May 19, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2] Some Texas courts appear to construe the term "motor vehicle" in section 101.051, which pertains only to school districts, to broadly refer back to and encompass the "motor-driven" aspects ("motor-driven vehicle and motor-driven equipment") of the provisions in section 101.021 that apply to all governmental entities. *See LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992) (citing sections 101.021 and 101.051 and stating "[a] school district is not liable for a personal injury proximately caused by a negligent employee unless the injury 'arises from the operation or use of a motor-driven vehicle or motor-driven equipment'"); *see also Montoya v. Houston Indep. Sch. Dist.*, 177 S.W.3d 332, 336 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (stating "pursuant to this limited waiver, a school district is liable for a personal injury proximately caused by a negligent employee *only* if the injury arises from the operation or use of a motor-driven vehicle or motor-driven equipment"). *But see Slaughter v. Abilene State Sch*, 561 S.W.2d 789, 791–92 (Tex. 1977) (agreeing with a lower court's holding that sovereign immunity is not waived where

(continued...)

*id.* § 101.051; *see also id.* § 101.021 (general waiver provision); *Austin Indep. Sch. Dist. v. Gutierrez*, 54 S.W.3d 860, 863 (Tex. App.—Austin 2001, pet. dism'd w.o.j.) ("School districts are immune from liability for personal injuries under the Texas Tort Claims Act, unless the injury *arises from* a governmental employee's *operation or use* of a motor-driven vehicle.").

The Act does not define the term "motor vehicle." *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001 (Vernon 2005) (definitions). An initial judicial definition of the term in the context of school district immunity was restrictive and required a transport capability component. *See Brookshire v. Houston Indep. Sch. Dist.*, 508 S.W.2d 675, 678 (Tex. Civ. App.—Houston [14th Dist.] 1974, no writ) (stating that the definition of motor vehicle "implicitly contains[s] the concept that the device was [d]esigned to transport people or property upon the public highway"). The Texas Supreme Court subsequently applied the term more broadly and dropped the transport capability component. *See Slaughter v. Abilene State Sch.*, 561 S.W.2d 789, 791–92 (Tex. 1977). The state's highest court noted that under common usage "motor vehicle" is a "generic term for all classes of self-propelled vehicles not operating on stationary rails or tracks." *Id.* at 792. The court added that the term is "much broader than the word 'automobile' and includes various vehicles which cannot be classified as automobiles." *Id.*

You inquire about a "class of mobile motorized equipment" such as "golf carts and other electric or motorized carts and tractors, fork lifts and the like." Request Letter, *supra* note 1, at 1. A tractor has already been determined to be a "motor vehicle" under section 101.051 of the Act. *See Slaughter*, 561 S.W.2d at 792 (holding "the tractor involved in this accident is a motor vehicle"); *see also Lipan Indep. Sch. Dist. v. Bigler*, 187 S.W.3d 747, 752 (Tex. App.—Fort Worth 2006, pet. filed) (relying on the *Slaughter* definition to determine that a tractor is a motor vehicle under section 101.051 of the Act). A forklift, on the other hand, has been held not to be a motor vehicle. *See Brookshire*, 508 S.W.2d at 678; *see also Slaughter*, 561 S.W.2d at 792 (agreeing with holding in *Brookshire* that forklift was more akin to motor equipment than a motor vehicle).

Thus we need only consider whether "golf carts and other electric or motorized carts" are motor vehicles. The state's highest court characterizes "motor vehicle" broadly as a "self-propelled vehicle[] not operating on stationary rails or tracks," and does not require that it possess transport capability. *See Slaughter*, 561 S.W.2d at 791–92. A golf cart is self propelled. And a golf cart does not operate on stationary rails or tracks. Moreover, we believe a golf cart is more like a tractor than a forklift. We therefore conclude that a Texas court, using the broad scope of the term "motor vehicle" from *Slaughter*, would likely find that a golf cart is a motor vehicle under section 101.051. *See id.* Similarly, to the extent "other electric or motorized carts" are self propelled and do not operate on stationary rails or tracks, we believe a court would find them to be motor vehicles under section 101.051. Our conclusion is limited to the term "motor vehicle" and does not address any questions of liability under the Act.

---

[2](...continued)
the motorized item is closer to motorized equipment than to a motor vehicle). You ask only about the scope of the term "motor vehicle," so we do not address this issue or consider the scope of motor-driven equipment.

## S U M M A R Y

Texas courts have determined under section 101.051 of the Texas Civil Practice and Remedies Code that a tractor is a motor vehicle but that a forklift is not. Texas courts would likely determine that a self-propelled golf cart that does not operate on stationary rails or tracks is a motor vehicle under section 101.051. Similarly, Texas courts would likely determine that other "electric or motorized carts" that are self propelled and do not operate on stationary rails or tracks are motor vehicles.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee