**DALLAS AREA RAPID TRANSIT, Appellant,**

v.

**Joyce WILLIS, Appellee.**

**No. 05–04–01712–CV.**

Court of Appeals of Texas, Dallas.

May 10, 2005.

Rehearing Overruled June 8, 2005.

Hyattye O. Simmons, DART–Legal Department, Dallas, TX, for Appellant.

Michael Hindman, Rolle, Breeland, Ryan & Landau, P.C., Dallas, TX, for Appellee.

Before Justices MORRIS, FRANCIS, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

Joyce Willis (Willis) sued Dallas Area Rapid Transit (DART) for personal injuries sustained when she fell in an attempt to exit a DART bus. DART appeals the

trial court's order denying its plea to the jurisdiction based on governmental immunity. In its sole issue on appeal, DART contends that the trial court erred in denying its plea to the jurisdiction because Willis failed to plead a cause of action within an exception to governmental immunity under the Texas Tort Claims Act. We affirm.

## Background

Willis filed her Original Petition against DART and an unknown bus driver. She claimed that on October 3, 2000, she was a passenger on a DART bus. When the bus driver came to a stop on the route, Willis claims the driver negligently failed to properly stop the bus close to the curb for her to exit. She fell and injured herself while attempting to exit the bus. She stated that her injuries were caused by DART's negligent failure to properly train, monitor, and/or supervise its employee. Willis did not mention governmental immunity in her original petition.

After filing an Original Answer and Special Exceptions, DART filed a Plea to the Jurisdiction or, in the alternative, Special Exceptions. The district court denied the plea to the jurisdiction without prejudice. But it sustained DART's Special Exceptions, complaining that Willis's petition failed to state a cause of action within an exception to governmental immunity under the Texas Tort Claims Act. The court ordered Willis to file an amended pleading to assert claims under the Texas Tort Claims Act.

Willis filed a First Amended Original Petition, in response to which DART filed a Second Plea to the Jurisdiction. Willis then filed a Second Amended Original Petition, and DART filed an Amended Second Plea to the Jurisdiction, to which it attached Willis's deposition. The district court denied DART's plea to the jurisdiction.

## Plea to the Jurisdiction

■ A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). To prevail on a plea to the jurisdiction, a party must show that even if all the allegations in the plaintiff's pleadings are taken as true, an incurable defect apparent on the face of the pleadings makes it impossible for the pleadings to confer jurisdiction on the trial court. *Rylander v. Caldwell,* 23 S.W.3d 132, 135 (Tex.App.-Austin 2000, no pet.). The claims may form the context in which a dilatory plea is raised, but the plea should be decided without delving into the merits of the case. *Bland,* 34 S.W.3d at 554. We consider the facts alleged by the plaintiff and, to the extent it is relative to the jurisdictional issue, the evidence submitted by the parties. *Tex. Dep't. of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex. 2001); *Bland,* 34 S.W.3d at 554.

## Sovereign Immunity

■ Governmental immunity from suit defeats a court's subject matter jurisdiction. *Dallas Area Rapid Transit v. Whitley,* 104 S.W.3d 540, 542 (Tex.2003). In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Id.* We must examine the plaintiff's pleadings to determine if governmental immunity has been waived. *Miller,* 51 S.W.3d at 587. No one disputes that DART is a governmental unit under the Texas Tort Claims Act. Therefore, we will review Willis's pleadings and the evidence attached to DART's plea to the jurisdiction to determine if Willis's claim falls within an exception to governmental immunity under the Texas Tort Claims Act. *See Whitley,* 104 S.W.3d at 542.

■ Under the Texas Tort Claims Act, a governmental unit's sovereign immunity is waived for personal injury "proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if ... the personal injury ... arises from the operation or use of a motor-driven vehicle or motor-driven equipment." TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(1)(A) (Vernon 2005). "Use" has been defined by the Texas Supreme Court as "to put or bring into action or service; to employ for or apply to a given purpose." *Whitley*, 104 S.W.3d at 542. The court has required a nexus between the operation or use of the motor-driven vehicle or equipment and a plaintiff's injuries. *Id.* at 543. This nexus requires more than mere involvement of the property; rather the vehicle's use must have actually caused the injury. *Id.* The operation or use of a motor vehicle does not cause injury if it does no more than furnish the condition that makes the injury possible. *Id.*

■ In her Second Amended Original Petition, Willis argued that the DART bus driver's negligent operation of a bus proximately caused the injuries she sustained from falling while attempting to exit the bus. She stated that the driver was negligent in failing to properly stop the bus close to the curb. She asserted that DART was not entitled to governmental immunity because her cause of action fell within an exception under the Texas Tort Claims Act since her injury was caused by the bus driver's negligent use of motor-driven equipment. During her deposition, Willis stated that before exiting the bus she had noticed there was a "long step" down to the ground. She also stated that the bus was stationary the entire time she was exiting.

DART argues that Willis did not allege a "use" of the bus and that if the bus was involved in the accident, it did nothing more than furnish the condition that made Willis's injury possible. We disagree. The fact that the bus was stationary is not determinative of whether it was being used or operated. *See Employers Mut. Cas. Co. v. St. Paul Ins. Co.,* 154 S.W.3d 910, 915 (Tex.App.-Dallas 2005, no pet. h.). The use or operation of a motor-driven vehicle such as a bus involves the transportation of individuals from one location to another, and "such transportation necessarily includes the act of stopping the vehicle." *Finnigan v. Blanco County,* 670 S.W.2d 313, 316 (Tex.App.-Austin 1984, no writ). According to Willis's deposition, the bus was transporting passengers, including herself, on the day she was injured, and the driver was in the bus when the accident occurred. In her pleadings, Willis claims that the bus driver took the affirmative action of parking the bus in a way that may have contributed to her accident, and his action serves as the basis for her liability claim against DART. *See Austin Indep. Sch. Dist. v. Gutierrez,* 54 S.W.3d 860, 867 (Tex.App.-Austin 2001, pet. denied) (holding that cause of action fell within exception to Texas Tort Claims Act where "bus driver took the affirmative action of honking the horn which may have contributed to the accident"). As a result, Willis's pleading was sufficient to state a cause of action within the "motor-driven vehicle" exception to governmental immunity under the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(1)(A) (Vernon 2005). We conclude that the trial court did not err in denying DART's plea to the jurisdiction.

### CONCLUSION

Finding no error, we affirm the trial court's order.