In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-17-00045-CV

NATHAN DELAMETER AND TRACY DELAMETER, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF IAN DELAMETER, **Appellants**

V.

BEAUMONT INDEPENDENT SCHOOL DISTRICT, **Appellee**

On Appeal from the 172nd District Court
Jefferson County, Texas
Trial Cause No. E-197,589

**MEMORANDUM OPINION**

In this appeal, we are asked to review the trial court's order dismissing the suit that Nathan and Tracy Delameter filed against the Beaumont Independent School District (District) for lack of jurisdiction. After the Delameters filed the suit, the District filed a plea to the jurisdiction and challenged the trial court's jurisdiction over the Delamters' claims, which alleged that the District's acts and omissions had caused their son's death. In its plea, the District asserted that it was immune from

the Delameters' suit because their claims did not arise from the District's use or operation of the bus that had been used to take Ian, the Delameters' son, to school. Following a hearing on the plea, the trial court dismissed the Delameters' suit for lack of jurisdiction. Because we agree with the trial court's conclusion that the Delameters failed to prove during the hearing on the District's plea that Ian was injured by the District's use or operation of its bus, we affirm the trial court's order dismissing their suit.

## Background

Ian began attending school in the District when he was three years old. Because Ian was disabled, he received therapy in school. Generally, the District picked Ian up on a bus that the District used to pick up other disabled students. Because Ian had little control over the trunk of his body, he remained in his wheel chair when he was on the bus. The bus the District used to pick Ian up had both a driver and an attendant. After Ian's chair was placed on the bus, it was locked in place. The duties of the District's employees required them to lift Ian's chair onto the bus, to lock the chair in place after it was positioned inside the bus, and to monitor Ian's condition on the way to school.

On December 8, 2014, Ian became unresponsive while on his way to school and travelling as a passenger in the bus. When the bus driver and attendant noticed

that Ian was in distress, they stopped the bus and did not use the bus to take Ian to a nearby emergency room. After he stopped, the bus driver called the District and then waited for an ambulance to come to the bus. Neither the bus driver nor the attendant attempted to resuscitate Ian while they waited for the ambulance. The evidence presented in the hearing established that the decisions to stop the bus and to wait for an ambulance were decisions that were consistent with the procedures the District followed in handling students on buses who develop conditions that require medical treatment while traveling on busses being operated by the District. Approximately one hour after Ian got onto the bus, he died.

In September 2015, the Delameters brought a wrongful death and survival suit against the District, alleging that the District should be held responsible for Ian's death. In April 2016, the Delameters amended their petition, alleging (1) that the bus driver negligently drove the bus in a manner "so as to cause Ian to be thrown around in his wheelchair[;]" (2) that the negligent operation of the bus included "the driver's unsafe speed, turning and disregard for curbs, bumps and stops given the type and nature of students that were being transported[;]" (3) that the District employees operating the bus failed to use available cameras, mirrors and other devices to properly observe, monitor, and protect Ian during the trip; and (4) that the locks on

3

the support chair and the restraints that were used to keep Ian in his chair were in and used in "an unsafe and negligent condition and manner."

The District filed a plea to the jurisdiction in response to the suit. The District did not attach any evidence to its plea; instead, the plea states that for the purposes of the plea, the District "accept[ed] as true the facts alleged in Plaintiffs' Original Petition, and now moves for summary judgment based on its general immunity from all tort claims." When the Delameters responded to the District's plea, they asserted that "Ian's death resulted from the negligent use of the [bus]." The Delameters included evidence with their response, which consists of the affidavit of Nathan Delameter and an email from one of the District's nurses. Nathan's affidavit states that he reviewed a video-recording from the bus taken the morning that Ian died. According to Nathan, the recording "demonstrates that Ian slid in his chair due to the bus ride." The email from the school nurse indicates that on the day Ian died, she spoke to a student who rode the same bus, and that the student said that the restraint that ran across Ian's chest might have been too tight.

Subsequently, the Delameters supplemented their response with additional evidence. They attached to their supplemental response a copy of a deposition that the parties obtained in discovery from Clint Finnell, the driver of Ian's bus. Finnell testified in his deposition that he had just finished using a lift to assist another student

4

enter the bus when he noticed that Ian was in his wheelchair, slumped over, with his head down. Finnell also explained in his deposition that wheelchairs are positioned on the bus and then locked into position. He explained that the straps that are used to hold the students in their chairs are not adjusted by the District's employees. According to Finnell, after he noticed that Ian was unresponsive, he called the District office. In response to his phone call, the District sent an ambulance to the bus, which Finnell had stopped in front of the house of the student that he was loading on the bus when he noticed Ian slumped over in his chair. Finnell testified that it took less than three minutes for the ambulance to arrive. He also estimated that taking Ian to a nearby hospital would have also taken approximately three minutes, but that taking a student to the hospital on the bus would have violated the District's policies. During his deposition, Finnell viewed the video-recording that a camera on the bus had captured of Ian's final trip to school. After reviewing the recording, Finnell agreed that the ambulance arrived at the location where the bus was stopped approximately ten minutes after he noticed that Ian was slumped over in his chair. Finnell stated that Ian became distressed while the bus was being used, and he agreed that he would have used the bus to take Ian to the hospital had the District's rules allowed him to do so. Finnell denied that the route he was driving on

December 8 was bumpy, but he acknowledged that the route that he took required him to drive the bus across some railroad tracks.

The trial court conducted a hearing on the District's plea in April 2016. In the hearing, the parties did not give the trial court any additional evidence to consider before issuing a ruling on the District's plea. After the parties presented argument, the trial court advised that it would consider the matter in chambers before issuing a ruling. Several months later, the trial court granted the District's plea.

Standard of Review

A plea to the jurisdiction is filed to challenge the trial court's power to exercise subject-matter jurisdiction over the claims in a lawsuit. A plea to the jurisdiction is a plea that seeks to bar the plaintiffs from court without regard to whether the plaintiff's claims have any merit. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a trial court can exercise subject-matter jurisdiction over a party's claim is a matter requiring the court to resolve a question of law; therefore, on appeal, the trial court's ruling is reviewed using a de novo standard. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

When, as here, a plea to the jurisdiction is used to challenge the sufficiency of the plaintiffs' pleadings, we are first required to determine whether the plaintiffs' pleadings allege "facts that affirmatively demonstrate the court's jurisdiction to hear

6

the cause." *Id*. When examining the allegations in the plaintiffs' petition, we construe the allegations in the petition in the plaintiffs' favor, and we look to the plaintiffs' intent. *Id*. If a court determines that the pleadings are deficient, but it also determines that the deficiency is capable of being cured, the plaintiffs should be given a reasonable opportunity to amend their pleadings. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007); *Miranda*, 133 S.W.3d at 226-27; *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). On the other hand, if the pleadings affirmatively show that jurisdiction does not exist, the trial court is entitled to grant the plea without allowing the plaintiffs to have an opportunity to amend. *See Brown*, 80 S.W.3d at 555.

In this case, the Delameters alleged that section 101.051 in conjunction with section 101.021 of the Tort Claims Act provided a waiver for the claims they filed against the District. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.051 (West 2011). The District's plea alleged that the "mere fact that Ian's seizure or breathing problems occurred on or around a school bus is insufficient as a matter of law to waive the District's immunity." In response to the District's plea, the Delameters gave the trial court various items of evidence described earlier, which the trial court relied on in ruling on the District's plea. On appeal, the Delameters

argue that the evidence they provided to the trial court supports their claim that the District's use of the bus proximately caused Ian's injury and his death.

When the parties provide a trial court with evidence to consider in deciding a plea to jurisdiction, and the record shows the trial court considered the evidence, we are also required to review the evidence in the appeal to determine if the evidence supports the ruling the trial court made on a plea. *See Miranda*, 133 S.W.3d at 227.

In considering whether immunity has been waived, "we consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties." *Tex. Nat. Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001). In our review, "[w]e take as true all evidence favorable to the nonmovant, indulge every reasonable inference, and resolve any doubts in the nonmovant's favor." *Suarez v. City of Tex. City*, 465 S.W.3d 623, 633 (Tex. 2015). "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Miranda*, 133 S.W.3d at 227-28. "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id.* at 228.

With respect to school districts, the waiver the Legislature provided under the Act is limited to injuries that arise from the operation or use of motor vehicles. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.051. The vehicle-use requirement that restricts the waiver that the Legislature provided under the Act is strictly applied. *See Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 927 (Tex. 2015). The Texas Supreme Court has explained that the "arises from" requirement in the Act "requires a nexus between the injury negligently caused by a governmental employee and the operation or use of a motor-driven vehicle or piece of equipment." *LeLeaux v. Hamshire–Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992). In other words, the use of the motor vehicle must be shown to have actually caused the victim's injury for the waiver that is provided under the Act to apply. *White*, 46 S.W.3d at 869. Therefore, an injury that arises from a non-use of a bus is insufficient to establish that the operation of the bus proximately caused an injury for the purposes of the waiver provided in section 101.021 of the Act. *Id.* at 869-70.

## Analysis

Relying on sections 101.021 and 101.051 of the Texas Civil Practice and Remedies Code, the Delameters alleged the trial court could exercise jurisdiction over the wrongful death and survival claims they filed against the District. *See*

9

*generally* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.051. On appeal, they argue that their pleadings and evidence established that the District operated the bus in a manner that caused Ian to be thrown around in his wheelchair and injured while riding the bus to school. According to the Delameters, the bus's movement eventually caused the restraints to tighten around Ian and caused him to lose consciousness. The Delameters also argue that stopping the school bus and waiting for an ambulance when Finnell could have instead driven the bus to a nearby hospital involved the use or the operation by the District of its bus.

A school district's immunity is waived only for claims for personal injuries that are proximately caused by the negligent use or operation of a motor-driven vehicle or motor-driven equipment. *See generally id.* With respect to school districts, the scope of the waiver in the Tort Claims Act does not extend to the use of other types of tangible property owned or controlled by the District. *Id*. Thus, the Delameters' allegations regarding the District's negligent use of the harness that were on Ian's wheelchair involve matters that relate to the use of tangible personal property. *See id*. § 101.021(2). Because the waiver of immunity that applies to school districts is limited to injuries or deaths arising from the use or operation of a motor-driven vehicle and does not extend more generally to tangible personal property, we agree with the trial court that claims that arise from the allegedly negligent use of

10

the straps on Ian's chair fall outside the scope of the waiver found in section 101.051 of the Act. *See id*. § 101.051 (providing that except as to motor vehicles, the Act does not apply to a school district).

To establish that the waiver in section 101.051 of the Act applied, the evidence the Delameters presented in the hearing was required to show that the District operated the bus negligently and that the District's negligent operation of its bus had proximately caused Ian's injury or his death. *See Montoya v. Houston Indep. Sch. Dist.*, 177 S.W.3d 332, 337 (Tex. App.—Houston [1st Dist.] 2005, no pet.). To support their claim that the District's use or operation of the bus caused Ian's injury and resulting death, the Delameters relied in part on Nathan's affidavit, which states that the video-recording of Ian's final trip showed the bus making constant stops in the course of a bumpy ride. However, Nathan's affidavit amounts to no evidence showing that Finnell negligently operated the bus, or that the bumpiness of the ride caused Ian to be injured, or that the bumpiness of the ride caused Ian's death. For instance, Nathan's description of the trip does not show that Finnell drove the bus at an unsafe speed or that he engaged in any unsafe maneuvers. Even though Nathan's affidavit suggests that Ian's harness required adjustment, this statement amounts to no evidence to show that the harness injured Ian or caused his death. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1). Likewise, the nurse's email suggesting that

11

one of the children on the bus with Ian thought that his harness might have been too tight fails to create a fact issue on whether Finnell negligently drove the bus or that Ian was injured or killed by the strap used to restrain him in his chair.

While the Delameters also alleged that Finnell and the attendant traveling on the bus failed to use cameras, mirrors, and other devices to monitor and protect Ian during the trip, these are claims that allege negligent supervision. In *Dallas Area Rapid Transit v. Whitley*, the Texas Supreme Court determined that negligent supervision is conduct that is unrelated to the use or operation of a bus. 104 S.W.3d 540, 543 (Tex. 2003) ("[The plaintiff's] injuries arose from the bus driver's failure to supervise the public, which is insufficient to waive immunity under the Tort Claims Act."). Additionally, the Delameters argue that Finnell negligently operated the bus by stopping the bus in an unsafe location. They compare the facts in this case to *Dallas Area Rapid Transit v. Willis*, 163 S.W.3d 814, 817 (Tex. App.—Dallas 2005, pet. denied), a case in which the bus driver stopped the bus so that passengers were required to exit the bus too far from the curb. After the bus stopped, a passenger exiting the bus was injured when she attempted to make the long step required to reach the curb. *Id.* The Dallas Court of Appeals affirmed the trial court's ruling denying the transit authority's plea based on the passenger's allegation that the bus driver stopped the bus in a way that caused the passenger's injury. *Id.*

12

In this case, Ian was not injured while getting off the bus. Instead, the Delameters' claims allege that Finnell should have used the bus to take Ian to the hospital and the District's policies should not have prevented Finnell from using the bus for that purpose. However, these claims concern the non-use of the bus, and unlike *Willis*, do not concern a negligent decision to stop the bus in an improper location. *Id.* Regardless of whether these claims have merit, they concern the non-use of the District's bus. As such, they fall outside the limited waiver of immunity that the Legislature provided under the Act for school districts. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1)(A) (providing that a governmental unit is liable for personal injury or death that arises from *the operation or use* of a motor-driven vehicle) (emphasis added); *id.* § 101.051 (with respect to school districts, limiting the Act to accidents arising from the use of motor vehicles); *see also Brantley v. City of Dallas*, 545 S.W.2d 284, 287 (Tex. Civ. App.—Amarillo 1976, writ ref'd n.r.e.) (noting that "an allegation that injuries resulted because a technician refused to transport plaintiff in an ambulance is not equivalent to an allegation that plaintiff's injuries were proximately caused by negligence arising from the use or operation of a motor vehicle"). Similarly, the Delameters' claim that the District employees on the bus negligently failed to attempt to resuscitate Ian is another claim that the trial court properly concluded was unrelated to the District's operation or use of its bus.

13

Consequently, the trial court also properly dismissed that claim because it is also outside the limited waiver provided under the Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.051; *LeLeaux*, 835 S.W.2d at 52 (explaining why a student's injury on a bus was not caused by the use or operation of the bus where the bus was not in operation when the student's injury occurred).

Based on our de novo review of the pleadings and the evidence that was before the trial court when it ruled on the District's plea, we conclude the Delameters failed to establish that a valid waiver of immunity existed under the Act for the wrongful death and survival claims that they filed against the District. *See LeLeaux*, 835 S.W.2d at 52 ("When an injury occurs on a school bus but does not arise out of the use or operation of the bus, and the bus is only the setting for the injury, immunity for liability is not waived."); *Hopkins v. Spring Indep. Sch. Dist.*, 736 S.W.2d 617, 619 (Tex. 1987) (school district immune from suit that was based on claim that the district failed to provide adequate medical care to a student with cerebral palsy who suffered convulsions while on the district's bus). Using the common and ordinary meaning of the words "operation" and "use," we hold the trial court ruled properly on the District's plea. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021(1)(A), 101.051. Issues one and two are overruled, and the trial court's judgment is affirmed.

AFFIRMED.

                                           _____

                                               HOLLIS HORTON
                                                  Justice

Submitted on November 15, 2017
Opinion Delivered February 1, 2018

Before Kreger, Horton and Johnson, JJ.