

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00102-CV

**SAN ANTONIO INDEPENDENT SCHOOL DISTRICT**,
Appellant

v.

Maria **HALE**, Individually and as Next Friend of B.J.H., a Minor,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI12781
Honorable Karen H. Pozza, Judge Presiding

Opinion by:  Sandee Bryan Marion, Chief Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  June 27, 2018

REVERSED AND RENDERED

This is an accelerated appeal from the trial court's order denying Appellant San Antonio Independent School District's ("SAISD") plea to the jurisdiction based on governmental immunity. Because we conclude SAISD is immune from Appellee Maria Hale's ("Hale") claim, we reverse the trial court's denial of SAISD's plea to the jurisdiction and render judgment dismissing Hale's claim against SAISD for want of jurisdiction.

**BACKGROUND**

Hale's minor son, B.J.H., was injured while riding a school bus owned and operated by SAISD. While the school bus was in motion, B.J.H. fell out of the school bus's rear exit door and landed on his head, sustaining severe injuries, including a traumatic brain injury. Hale alleges the accident was caused by a defect in the rear exit door's latching mechanism that caused the door to open while the school bus was in motion.

Hale sued the designers and manufacturers of the school bus and the latch mechanism, asserting claims for products liability, negligence, misrepresentation, and breach of warranty. Hale also asserted a claim against SAISD for negligence "in failing to maintain an acceptable latch mechanism for the bus and in delivering it over to the SAISD bus driver to operate and transport children in that negligently maintained condition."

SAISD filed a plea to the jurisdiction based on governmental immunity. After a hearing, the trial court denied the plea to the jurisdiction, and SAISD filed this accelerated appeal.

**DISCUSSION**

**A.      Standard of review**

"A unit of state government is immune from suit and liability unless the state consents." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). A plea to the jurisdiction based on governmental immunity challenges the trial court's subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Whether the plaintiff has pleaded facts affirmatively demonstrating the trial court's subject matter jurisdiction is a question of law we review de novo. *Id.* at 226. We construe the pleadings "liberally in favor of the plaintiff[] and look to the pleader['s] intent." *Id.*

**B.** **Waiver of governmental immunity**

Hale alleges SAISD's governmental immunity is waived under section 101.021 of the Texas Tort Claims Act ("TTCA"). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011). Section 101.021 expressly waives governmental immunity from claims for injury arising from a government employee's "operation or use of a motor-driven vehicle":

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of employment if:
>
>> A. the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>>
>> B. the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

*Id.* A "school district[]," such as SAISD, is a "governmental unit" under the TTCA. *See id.* § 101.001(3)(B). For a personal injury to "arise from" a school district employee's operation or use of a motor-driven vehicle, there must be a "nexus" between the injury and the operation or use of the motor vehicle. *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992).

On appeal, SAISD argues the trial court erred in denying its plea to the jurisdiction because Hale (1) failed to identify an SAISD employee who would be personally liable to Hale under Texas law based on the operation or use of the school bus and (2) failed to plead a nexus between that operation or use and B.J.H.'s injury. We first address whether Hale's pleadings allege "operation" or "use" of the SAISD school bus.

**C.        "Operation" or "use"**

We strictly construe the "operation or use of a motor-driven vehicle" provision in light of the legislature's preference for a limited immunity waiver. *Ryder Integrated Logistics, Inc. v. Fayette Cnty.*, 453 S.W.3d 922, 927 (Tex. 2015). "The mere involvement or proximity of a school bus to injury does not mean the injury arises from the use or operation of the bus." *Elgin Indep. Sch. Dist. v. R.N.*, 191 S.W.3d 263, 269 (Tex. App.—Austin 2006, no pet.) (citing *LeLeaux*, 835 S.W.2d at 52). "When an injury occurs on a school bus but does not arise out of the use or operation of the bus, and the bus is only the setting for the injury, immunity for liability is not waived." *LeLeaux*, 835 S.W.2d at 52.

To fall under the section 101.021 waiver, the alleged tortious act must relate to a government employee's actual operation of a vehicle, rather than to some other aspect of the employee's conduct. *Ryder Integrated Logistics*, 453 S.W.3d at 928. "In other words, even where the plaintiff has alleged a tort on the part of a government driver, there is no immunity waiver absent the negligent or otherwise improper use of a motor-driven vehicle." *Id.* For example, failure to supervise or control children on a school bus is not operation or use of the bus. *See, e.g., Montoya v. Houston Indep. Sch. Dist.*, 177 S.W.3d 332, 337–38 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding school bus driver's failure to supervise child who escaped restraints and jumped out of moving school bus was not operation or use of the school bus).[1]

In contrast, courts have held immunity is waived under section 101.021 where the school bus driver is alleged to have taken some "affirmative action" in actually operating or using the

---

[1] *See also Austin Indep. Sch. Dist. v. Salinas*, No. 03-14-00209-CV, 2016 WL 1566707, at *5 (Tex. App.—Austin Apr. 14, 2016, no pet.) (mem. op.) (holding school bus driver's failure to supervise child who jumped out of moving school bus was not operation or use of the school bus); *Breckenridge Indep. Sch. Dist. v. Valdez*, 211 S.W.3d 402, 411 (Tex. App.—Eastland 2006, no pet.) (holding school bus driver forgetting to unload child from school bus before returning bus to the depot was not operation or use of the school bus); *Goston v. Hutchison*, 853 S.W.2d 729, 733–34 (Tex. App.—Houston [1st Dist.] 1993, no writ) (holding school bus driver allowing students to exit school bus at a non-designated stop at their request was not operation or use of the school bus).

school bus. *See, e.g.*, *R.N.*, 191 S.W.3d at 272 (holding bus driver forgetting to unload student from school bus was a failure to supervise but affirmative act of locking school bus doors was operation or use of the bus); *see also City of Houston v. Nicolai*, 539 S.W.3d 378, 390 (Tex. App.—Houston [1st Dist.] 2017, pet. filed) (holding police officer's affirmative decision not to use seat belt to restrain detainee was a substantial factor in causing decedent's ejection from patrol car during traffic collision); *Dallas Area Rapid Transit v. Willis*, 163 S.W.3d 814, 817 (Tex. App.—Dallas 2005, pet. denied) (holding bus driver's affirmative action of parking too far from curb, which contributed to injuries sustained by plaintiff who fell while exiting bus, was operation or use of bus).[2]

## D.     Hale's pleading

In this case, we must consider whether Hale's petition alleges "operation" or "use" of the school bus.[3] In relevant part, Hale's petition alleges:

> Mr. Soto was transporting students home from school at the time of the incident in question. While driving the school bus on the 4500 block of Houston Street in San Antonio, Bexar County, Texas, [B.J.H.] fell out of the rear exit door of the IC bus, landing on his head, due to a defect in the rear exit door latching mechanism.
>
> . . . [SAISD] was guilty of various acts and/or omissions which constituted negligence of an employee acting within his scope of employment where the injury arose from the use and operation or a motor vehicle. The proximate cause of the injury to of the injuries to [*sic*] [B.J.H.] . . . *was the negligence of [SAISD] in failing to maintain an acceptable latch mechanism for the bus and in delivering it over to the SAISD bus driver to operate and transport children in that negligently maintained condition.* The latch mechanism then failed while the bus was in operation or use by an SAISD bus driver.

---

[2] *See also Austin Indep. Sch. Dist. v. Gutierrez*, 54 S.W.3d 860, 866 (Tex. App.—Austin 2001, pet. denied) (holding school bus driver's "affirmative action of honking the horn" to signal student to cross the road after unloading was operation or use of school bus); *Hitchcock v. Garvin*, 738 S.W.2d 34, 37 (Tex. App.—Dallas 1987, no writ) (holding school bus driver's failure to activate bus flashers and warning signals prior to unloading students was operation or use of school bus).

[3] SAISD filed its plea to the jurisdiction in response to Hale's original petition. Prior to the hearing on the plea to the jurisdiction, Hale amended her petition but did not amend any of the allegations against SAISD. Accordingly, we refer to Hale's original petition and first amended petition interchangeably as her "petition."

. . . In the present situation, the rear emergency exit door came open before the force application on the rear door was 90 degrees or more. This allowed the emergency exit door to swing open while the bus was in operation, allowing the child to fall from the moving school bus thereby causing his severe and disabling injuries.

The personal injury to [B.J.H.], arose from the operation or use of a motor-driven vehicle. This injury arose from the accident when the bus, owned by [SAISD], was in operation, and *the latching mechanism on the rear door of the bus malfunctioned* by opening before the latch handle was raised ninety degrees from its secured position as mandated by State law.

(emphases added).

Critically, Hale does not allege any affirmative acts or omissions by the bus driver, nor does she allege the bus driver's actions or inaction caused B.J.H.'s injury. Hale does not allege the school bus driver negligently or otherwise improperly operated or used the school bus. Rather, Hale alleges SAISD (not the bus driver) was negligent in "failing to maintain an acceptable latch mechanism for the bus and in delivering it over to the SAISD bus driver to operate and transport children in that negligently maintained condition."

Therefore, accepting Hale's allegations as true, SAISD's negligence relates to the *maintenance* of the school bus. However, even if SAISD was negligent in maintaining the school bus, maintenance is not operation or use of the school bus. *See Tex. Juvenile Justice Dep't v. PHI, Inc.*, 537 S.W.3d 707, 713 (Tex. App.—Fort Worth 2017, pet. filed) ("[M]aintenance is neither operation nor use under the TTCA."); *Mt. Pleasant Indep. Sch. Dist. v. Elliott*, No. 06-13-00115-CV, 2014 WL 1513291, at *7–10 (Tex. App.—Texarkana Apr. 17, 2014, pet. denied) (mem. op.) (holding school district's governmental immunity was not waived in personal injury claim alleging negligent maintenance of school bus brakes).[4]

---

[4] As the *Elliott* court explained, we may not read the term "maintenance" into section 101.021. 2014 WL 1513291, at *9. Where the legislature intended to waive immunity for "maintenance," in addition to "operation" or "use," it did so in another provision of the TTCA that is inapplicable here. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(24) (West 2017)).

Because Hale has not alleged "operation" or "use" of the school bus, we need not address whether B.J.H.'s injuries "arose from" such operation or use (*i.e.*, whether there is a "nexus" between any operation or use and B.J.H.'s injury). Even construed liberally in Hale's favor, Hale's petition does not allege facts affirmatively demonstrating the trial court's subject matter jurisdiction over her claim against SAISD. *See Miranda*, 133 S.W.3d at 226. Accordingly, we sustain SAISD's sole issue on appeal and reverse the trial court's denial of SAISD's plea to the jurisdiction.

**E.      Opportunity to amend in the trial court**

In her briefing, Hale argues her "failure to identify an SAISD employee who would be personally liable to" her is a curable defect and requests that we remand to the trial court so she may replead. However, Hale's pleading is not defective for failing to name an SAISD employee, but rather for failing to plead an SAISD employee's operation or use of a motor vehicle. Identifying the employee will not cure the defect in her pleading.

Therefore, we decline Hale's request to remand to the trial court so that she may amend her pleadings. *See Salinas*, 2016 WL 1566707, at *6 (declining plaintiff-appellee's request for remand because she "already had an opportunity to amend her petition after the District filed its initial plea to the jurisdiction in which it raised the arguments that it raises on appeal, but [she] has been unable to identify or allege facts that would support the trial court's jurisdiction").

CONCLUSION

Because Hale failed to plead facts demonstrating the limited waiver of governmental immunity in TTCA section 101.021 waives SAISD's immunity in this case, we reverse the trial court's order denying SAISD's plea to the jurisdiction and render judgment dismissing Hale's claim against SAISD for want of jurisdiction.

Sandee Bryan Marion, Chief Justice