

# NUMBER 13-18-00391-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

HARLINGEN CONSOLIDATED
INDEPENDENT SCHOOL DISTRICT,                                    Appellant,

v.

GABRIEL MIRANDA JR., DECEASED,
MARIA FUENTES, GABRIEL MIRANDA SR.,
ALEXANDRIA SUZANNE DELEON,
REUBEN ANTONIO DELEON III, AND
JON HIDALGO DOE,                                              Appellees.

On appeal from the 398th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

Before Chief Justice Contreras and Justices Longoria and Hinojosa
Memorandum Opinion by Justice Hinojosa

Appellees,[1] the family of Gabriel Miranda Jr. (Gabriel), sued appellant Harlingen Consolidated Independent School District (the District) following Gabriel's fatal fall from the emergency exit door of a District school bus. The District appeals the trial court's denial of its plea to the jurisdiction asserting governmental immunity. By three issues, the District argues that the trial court was deprived of subject matter jurisdiction because appellees' pleadings did not establish a statutory waiver of its governmental immunity for each of appellees' claims. We affirm in part and reverse and render in part.

## I. BACKGROUND

### A. Pleadings

Appellees' live pleading[2] alleges causes of action for negligence, breach of contract, and injunctive relief. The petition alleges that Gabriel "fell, or was pushed, out of the emergency door exit of [a District bus] going approximately 65 miles per hour" while the bus was travelling on U.S. Route 281 in Edinburg, Texas. In particular, the petition contains the following recitation of facts.

Gabriel attended Vernon Middle School in Harlingen, Texas. On November 14, 2016, Gabriel and his classmates boarded a District school bus for a field trip to the University of Texas–Rio Grande Valley in Edinburg. The District assigned two teachers to monitor the students on the field trip. Both monitors sat in the front of the bus, which was contrary to District rules requiring a monitor in the front and the back of the bus. At

---

[1] Appellees are Gabriel Miranda Jr., deceased, Maria Fuentes, Gabriel Miranda Sr., Alexandria Suzanne Deleon, Reuben Antonio Deleon III, and Jon Hidalgo Doe.

[2] Appellees also have claims pending against Norma Jean Farley. Those claims are not at issue in this appeal.

2

some point during the trip, Gabriel, who was located in the rear of the bus, "fell, or was pushed, out of the emergency exit door" while the bus was travelling sixty-five miles per hour. Appellees allege that immediately prior to Gabriel's fall, the bus "had run over something or was traveling over uneven pavement" and was "bouncing up and down." They further allege that there were "marks" on the emergency exit door "that could be consistent with damage to the interior side of the [door] . . . which could be attributed to the described bouncing of [the bus.]"

According to appellees' petition, a Hidalgo County Sheriff's deputy arrived at the scene and observed "a young man on his knees, without a shirt [who] appeared to be holding another individual in his arms." The deputy discovered that Gabriel was not breathing and had no pulse. Emergency responders transported Gabriel to a nearby hospital, where he was pronounced dead. Witnesses described Gabriel falling, as opposed to jumping, from the bus. According to the petition, the District represented that the video recording system on the bus had failed.

The petition alleges multiple negligent acts and omissions by the District, which appellees contend relate to the operation or use of the school bus. The allegations of negligence can be categorized as follows:

(1) **_Training_**:  failing to train the bus driver;

(2) **_Maintenance/Inspection_**:  failing to maintain the school bus, including maintaining the emergency exit door to prevent it from malfunctioning; failing to inspect the school bus, including cameras, alarms, and the emergency exit door to ensure it was properly closed and in working order;

(3) **_Supervision:_**  allowing the two monitors to sit in the front of the bus; allowing students to stand in the bus; failing to slow the bus down

3

after the emergency door alert sounded indicating the door was opened;

(4) **_Unsafe Speed_:** operating the bus at a high rate of speed given the road conditions; exceeding the posted speed limit; operating the bus in a manner such that it was "bouncing up and down, thereby allowing someone, or something, to be thrown against the [emergency exit door.]"

Appellees also alleged a breach of contract action premised on the District's failure to adhere to unidentified provisions of the student handbook and district policies. Finally, appellees sought to enjoin the District from making certain statements concerning Gabriel's death.

## B.     Plea to the Jurisdiction

The District filed a plea to the jurisdiction, arguing that appellees' pleadings did not invoke the Texas Tort Claims Act's (TTCA) waiver of immunity for a governmental employee's negligent operation or use of a motor-driven vehicle. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(A) (West, Westlaw through 2017 1st C.S.). The District also argued that appellees' breach of contract action was barred by immunity because appellees' pleadings identified no written contract for goods or services as required by section 271.151 of the Texas Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 271.151 (West, Westlaw through 2017 1st C.S.). Finally, the District maintained that appellees' claim for injunctive relief was not supported by a separate claim waiving the District's immunity from suit.

## C.     Trial Court's Ruling

After holding a hearing, at which no evidence was introduced, the trial court denied the District's plea to the jurisdiction. This interlocutory appeal followed. *See* TEX. CIV.

4

PRAC. & REM. CODE ANN. § 51.014(a)(8) (West, Westlaw through 2017 1st C.S.).

## II. STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of law; therefore, when the determinative facts are undisputed, we review the trial court's ruling on a plea to the jurisdiction de novo. *Id*. Governmental immunity[3] deprives a trial court of jurisdiction over lawsuits in which the State's political subdivisions have been sued, unless immunity is waived by the Legislature. *Id*.; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012). Therefore, governmental immunity is properly asserted in a plea to the jurisdiction. *Id*.

When, as here, a plea to the jurisdiction challenges the sufficiency of the pleadings, we determine whether the plaintiffs have met their burden by pleading facts that affirmatively demonstrate the trial court's subject matter jurisdiction. *Miranda*, 133 S.W.3d at 226. In doing so, we construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent, while accepting as true the factual allegations in the pleadings. *Id*. at 226, 228. A governmental unit is entitled to immunity unless the

---

[3] Governmental immunity is a common law doctrine protecting governmental entities from suit, similar to sovereign immunity. *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011). While sovereign immunity protects the State and its various agencies from suit, governmental immunity protects the State's political subdivisions, such as cities, counties, and school districts, from suit. *Id*. As a governmental unit, the District is generally protected from suit by governmental immunity. *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006).

plaintiff pleads facts invoking a waiver of immunity. *See Garcia*, 372 S.W.3d at 636; *Miranda*, 133 S.W.3d at 224.

### III.    TEXAS TORT CLAIMS ACT

By its first issue, the District argues that appellees failed to plead facts invoking a waiver of the District's immunity against negligence claims under the TTCA.

### A.    Applicable Law

Section 101.021(1) of the TTCA expressly waives governmental immunity from claims for injury arising from a government employee's "operation or use of a motor-driven vehicle." TEX. CIV. PRAC. & REM. CODE ANN. 101.021(1)(A). That section provides:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of employment if:

> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

> (B) the employee would be personally liable to the claimant according to Texas law[.]

*Id*. § 101.021. "Operation" means "a doing or performing of a practical work," and "use" means "to put or bring into action or service; to apply for or apply to a given purpose." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003); *LeLeaux v. Hamshire–Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992). The "arises from" language in section 101.021(A)(1) requires a nexus between the injury and the operation or use of the motor vehicle. *LeLeaux*, 835 S.W.2d at 51. "When an injury occurs on a school bus but does not arise out of the use or operation of the bus, and the bus is only

6

the setting for the injury, immunity for liability is not waived."   *Id*. at 52.

## B.     Analysis

The District argues that appellees' pleadings do not "demonstrate that [Gabriel's] death arose from the use or operation of the school bus" or "show a nexus between the use or operation" and Gabriel's death.[4]

We agree that many of appellees' negligence claims do not invoke section 101.021(1)'s waiver of immunity.   For instance, a claim of negligent training does not constitute the operation or use of a motor vehicle and is, therefore, not cognizable under the TTCA.   *See Dallas Area Rapid Transit v. Edwards*, 171 S.W.3d 584, 587–88 (Tex. App.—Dallas 2005, pet. denied) (citing *Tex. Dep't of Public Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001)).   Neither does a claim relating to vehicle inspection or maintenance.   *See LeLeaux*, 835 S.W.2d at 51 (defining "operation" and "use" and concluding that a school bus is not in use when it is "parked, empty, with the motor off"); *see also San Antonio Indep. Sch. Dist. v. Hale*, No. 04-18-00102-CV, 2018 WL 3129436, at *3–4 (Tex. App.—San Antonio June 27, 2018, no pet.) (mem. op.) (concluding that failure to maintain the latch mechanism on door of the bus was not an operation or use of a motor vehicle); *Mt. Pleasant Indep. Sch. Dist. v. Elliott*, No. 06-13-00115–CV, 2014 WL 1513291, at *7–10 (Tex. App.—Texarkana Apr. 17, 2014, pet. denied) (mem. op.) (holding that school district was immune from claim alleging the negligent maintenance

---

[4] We note that the District does not argue that appellees failed to allege a negligent act or omission by a District employee.   Nor does the District argue that appellees failed to allege that the negligent act or omission proximately caused Gabriel's death.   Rather, the District limits its arguments to whether appellees sufficiently alleged that Gabriel's death "ar[o]se[] from the operation or use of a motor-driven vehicle[.]" TEX. CIV. PRAC. & REM. CODE ANN. 101.021(1)(A) (West, Westlaw through 2017 1st C.S.).

of school bus brakes); *City of Smithville v. Watts*, No. 03-13-00173-CV, 2013 WL 6665085, at *4 (Tex. App.—Austin Dec. 13, 2013, no pet.) (mem. op.) (concluding that allegations of failure to properly maintain, repair, and inspect a truck did not waive a municipality's governmental immunity).

In addition, a school district's immunity is not waived for allegations of negligent supervision or control of students. *Gibson v. Garland Indep. Sch. Dist.*, 378 S.W.3d 613, 618 (Tex. App.—Dallas 2012, no pet.); *see Montoya v. Houston Indep. Sch. Dist.*, 177 S.W.3d 332, 337–38 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding school bus driver's failure to supervise child who escaped restraints and jumped out of moving school bus was not operation or use of the school bus). The District's protection against negligent supervision claims extends to the alleged failure of the District's bus driver to correctly respond to the emergency door alert. *See Montoya*, 177 S.W.3d at 337 (concluding that allegation that bus driver failed to stop the bus to prevent student from opening rear door and falling out of the bus related to the duty to supervise students); *see also Austin Indep. Sch. Dist. v. Salinas*, No. 03-14-00209-CV, 2016 WL 1566707, at *5 (Tex. App.—Austin Apr. 14, 2016, no pet.) (mem. op.) (concluding that the bus driver's failure to respond to emergency buzzer constituted a failure to supervise students). In summary, appellees' claims of negligent training, maintenance/inspection, and supervision do not establish a waiver of the District's governmental immunity. *See Garcia*, 372 S.W.3d at 636; *Miranda*, 133 S.W.3d at 224. Therefore, the trial court erred in denying the District's plea to the jurisdiction as to those claims.[5]

---

[5] Appellees do not argue that they should be given an opportunity to replead their theories of negligence. Nevertheless, we conclude that appellees' pleadings concerning these claims affirmatively

The allegations of unsafe speed, however, are of a different character. In that regard, appellees allege the following:

> Immediately prior to [Gabriel's] Fall, Bus #118 was seen bouncing up and down as though [it] had run over something or was traveling over uneven pavement, with such bouncing being attributable to the excessive rate of speed and the road conditions;
>
> . . . .
>
> although having the responsibility for the operation and use of Bus # 118, [the bus driver] exceeded the posted speed limit of Bus # 118 on the day of [Gabriel's] Fall;
>
> although having the responsibility for the operation and use of Bus # 118, [the bus driver] exceeded the proper speed limit of Bus # 118 when taking into consideration the condition of the roadway traveled on the day of [Gabriel's] Fall;
>
> charged with [and] although having the responsibility for the operation and use of Bus # 118, [the bus driver] failed to control Bus # 118 when taking into consideration the condition of the roadway traveled on the day [Gabriel's] Fall; [and]
>
> although having the responsibility for the operation and use of Bus # 118, [the bus driver] failed to prevent Bus # 188 from bouncing up and down, thereby allowing someone, or something, to be thrown against the [emergency exit door] resulting in [Gabriel's] Fall.

The foregoing allegations identify affirmative actions or omissions of the bus driver in operating the school bus. *See La Joya Indep. Sch. Dist. v. Gonzalez*, 532 S.W.3d 892, 903 (Tex. App.—Corpus Christi 2017, pet. filed) (concluding that the driver's stopping of a bus in a crossover and activating the bus's flashing warning lights, thereby indicating to student that it was safe to cross the expressway, constituted an operation or use of the

---

negate the existence of the trial court's jurisdiction. Therefore, appellees should not be afforded the opportunity to amend their pleadings with respect to these claims. *See State v. Holland,* 221 S.W.3d 639, 643 (Tex. 2007); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004); *Cty of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex. 2002).

bus); *Elgin Indep. Sch. Dist. v. R.N.*, 191 S.W.3d 263, 272 (Tex. App.—Austin 2006, no pet.) (holding that a bus driver forgetting to unload a student from the school bus was a failure to supervise but the affirmative act of locking the school bus doors was the operation or use of the bus); *Dallas Area Rapid Transit v. Willis*, 163 S.W.3d 814, 817 (Tex. App.—Dallas 2005, pet. denied) (holding that a bus driver's affirmative action of parking too far from the curb, which contributed to injuries sustained by a passenger who fell while exiting bus, was the operation or use of the bus). Taking appellees' pleadings as true, *see Miranda*, 133 S.W.3d at 237, we conclude that such allegations demonstrate practical, purposeful actions which are encompassed within the definitions of "operation" and "use." *See Gonzalez*, 532 S.W.3d at 903.

We further conclude that the unsafe speed allegations sufficiently establish that appellees' claim "ar[o]se[ ] from" the operation or use of the bus. The required nexus between the operation or use of the vehicle and the plaintiff's injury must amount to more than mere involvement of the vehicle. *Whitley*, 104 S.W.3d at 543. The operation or use of a vehicle does not cause an injury if it does no more than furnish the condition that makes the injury possible. *Id*. The Texas Supreme Court has held that the "arising from" standard is "something more than actual cause but less than proximate cause." *Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 928–29 (Tex. 2015) (citing *Utica Nat'l Ins. Co. of Tex. v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex. 2004)); *see Gonzalez*, 532 S.W.3d at 903. Therefore, a plaintiff can satisfy the "arising from" standard by demonstrating the more exacting standard of proximate cause. *Ryder*, 453 S.W.3d at 929. The components of proximate cause are cause-in-fact and

foreseeability. *Id.* (citing *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005)).

According to appellees' pleadings, had the District bus driver not driven at an unsafe speed over poor road conditions, Gabriel would not have been thrown against the emergency exit door in such a manner to cause him to fall to the roadway. The facts pleaded by appellees, taken as true, establish cause-in-fact. *See id.*; *Gonzalez*, 532 S.W.3d at 903.

The allegations are also sufficient to establish foreseeability. Foreseeability requires only "that the injury be of such a general character as might reasonably have been anticipated; and that the injured party should be so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen." *Ryder*, 453 S.W.3d at 929 (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 551 (Tex. 1985)). We conclude that it is reasonable to anticipate that a student might be thrown against an emergency exit door causing it to open when, as alleged here, a bus is travelling at speeds exceeding sixty-five miles-per-hour over uneven pavement.

We conclude that appellees' allegations of unsafe speed are sufficient to show that Gabriel's death arose from the operation or use of a motor-driven vehicle. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(A). Therefore, the trial court did not err in denying the District's plea to the jurisdiction regarding this claim.

## C.    Summary

We sustain in part the District's first issue as it pertains to appellees' allegations of negligent supervision, inspection, maintenance, and training. We overrule the District's issue as it pertains to appellees' allegations that the District's bus driver was negligent in

11

operating the bus at an unsafe speed given the road conditions.

## IV.    REMAINING CLAIMS

By its second and third issues, the District argues that the trial court erred in denying its plea to the jurisdiction in relation to appellees' breach of contract and injunctive relief claims.   In their appellate brief, appellees state that they "assert no objection" to issues two and three.   At oral argument, appellees' counsel affirmed that appellees do not oppose the dismissal of their breach of contract and injunctive relief claims against the District.   Therefore, we sustain the District's second and third issues.

## V.    CONCLUSION

We affirm the trial court's denial of the District's plea to the jurisdiction as it pertains to appellees' claim that the bus driver negligently operated the school bus at unsafe speeds.   We reverse the trial court's denial of the District's plea to the jurisdiction as to appellees' remaining negligence, breach of contract, and injunctive relief claims and render judgment dismissing those claims.

LETICIA HINOJOSA
Justice

Delivered and filed the
14th day of March, 2019.

12